UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONTAE JOHAN DUNCAN,<br><br>   Plaintiff,<br><br>   v.<br><br>CALIFORNIA HEALTHCARE RECEIVERSHIP CORP., et al.,<br><br>   Defendants. | Case No. 1:20-cv-01288-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>(Doc. 3)<br><br>14-DAY DEADLINE<br><br>Clerk of the Court to assign a District Judge |

On September 10, 2020, Plaintiff filed a document titled, "Order to Show Cause for a Temporary Restraining Order." (Doc. 3.) The Court construes the filing as a motion for a temporary restraining order (TRO). For the reasons set forth below, the Court recommends that the motion be denied.

**I.   DISCUSSION**

"A preliminary injunction is an extraordinary remedy never awarded as of right."[1] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. "The equitable remedy is

---

[1] "The standard for a [temporary restraining order] is the same as for a preliminary injunction." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)) (citation omitted).

unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—a likelihood of substantial and immediate irreparable injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (internal quotation marks and citation omitted).

Additionally, a "federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "[A]n injunction must be narrowly tailored 'to affect only those persons over which it has power,' … and to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible breaches of the law.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting *Zepeda*, 753 F.2d at 727, 728 n.1).

The relief Plaintiff requests is not narrowly tailored. Plaintiff seeks, among other things, an order "restrain[ing]" "staff, agents, employees and all persons acting in concert … with them … from retaliation, harassment, manipulation, duress and … circumventing the constitutional right of access to the courts and right to litigate a 1983 civil complaint." (Doc. 3 at 2.) Plaintiff does not identify any specific remedy; rather, he appears to seek an order "enjoin[ing] all possible breaches of the law," *Zepeda*, 753 F.2d at 728 n.1, against defendants and non-defendants alike. As stated above, the Court does not have such broad authority.

Plaintiff also fails to show that he will suffer irreparable harm without the requested relief. More precisely, he does not allege what, if any, harm he will suffer without a TRO.

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). The relief that Plaintiff seeks goes well behind that to which he would be entitled if he were to succeed at trial in this case.

## II.   CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS that Plaintiff's motion for a temporary restraining order (Doc. 3) be DENIED. The Court DIRECTS the Clerk of the Court to assign a district judge to this action.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 14, 2020**              /s/ *Sheila K. Oberto*
                                                                   UNITED STATES MAGISTRATE JUDGE