UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONTAE JOHAN DUNCAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA HEALTHCARE<br>RECEIVERSHIP CORP., et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-01288-AWI-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDERS**<br><br>(Docs. 21, 22) |

Before the Court are Plaintiff's motions for temporary restraining orders. (Docs. 21, 22.) For the reasons set forth below, the Court recommends that the motions be denied.

**I.　　BACKGROUND**

In his complaint, Plaintiff alleges that Defendants denied him adequate medical care for his mental-health condition, subjected him to retaliation, and denied him access to this courts. (*See* Doc. 1.)

In his second motion for a temporary restraining order (TRO),[1] Plaintiff alleges that officials at Kern Valley State Prison (KVSP) confiscated his property and that he has heart-related problems due to stress and heart disease. (Doc. 21 at 2-3.) Plaintiff requests that the Court order "KVSP" to return his property, "fix" his heart problems, and stop lying to him about his heard condition. (*Id.* at 4-5.)

---
[1] The Court denied Plaintiff's first motion for a TRO on December 3, 2020. (Doc. 24.)

In his third motion for a TRO, Plaintiff alleges that his cellmate attacked him on two occasions, and that he has since been moved to a single-inmate cell. (Doc. 22 at 1-2.) Plaintiff requests that the Court issue an order to KVSP mental-health officials that he remain on single-cell status. (*See id.* at 2.)

## II. DISCUSSION

"A preliminary injunction is an extraordinary remedy never awarded as of right." [2] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

In addition, a "federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "[A]n injunction must be narrowly tailored 'to affect only those persons over which it has power,' . . . and to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible breaches of the law.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting *Zepeda*, 753 F.2d at 727, 728 n.1).

The Court does not have personal jurisdiction over the entity and individuals against whom Plaintiff seeks temporary restraining orders, i.e., Kern Valley State Prison and all mental-health officials at KVSP. The Court only has personal jurisdiction over the parties to this action, i.e., Plaintiff and the defendants that Plaintiff names in his complaint.

In addition, the claims in Plaintiff's motions for TROs are unrelated to the claims at issue in this case. As stated above, Plaintiff's claims in his complaint are for inadequate medical care for his mental-health condition, retaliation, and denial of access to the courts. (*See* Doc. 1.) Plaintiff's claims in his motions are based on the confiscation of his property, his heart-related problems, and his single-cell status. (*See* Docs. 21, 22.) When a plaintiff seeks injunctive relief

---

[2] "The standard for a [temporary restraining order] is the same as for a preliminary injunction." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (citation omitted).

based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). "Because the Court only has jurisdiction over the operative claims in the [c]omplaint," which do not include the claims in Plaintiff's motions for TROs, the Court lacks the authority to provide the injunctive relief that Plaintiff seeks. *Smith v. Rios*, No. 1:10-cv-1554-AWI-MJS, 2010 WL 4603959, at *2 (E.D. Cal. 2010) (citations omitted).

### III.      CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS that Plaintiff's motions for temporary restraining orders (Docs. 21, 22) be DENIED. These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 8, 2021**                                        /s/ *Sheila K. Oberto*
                                                                 UNITED STATES MAGISTRATE JUDGE