UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONTAE JOHAN DUNCAN,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA HEALTHCARE RECEIVERSHIP CORP., et al.,<br><br>Defendants. | Case No. 1:20-cv-01288-AWI-SKO (PC)<br><br>**ORDER GRANTING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>(Doc. 31)<br><br>**30-DAY DEADLINE** |

On June 28, 2021, Plaintiff filed a "Motion Requesting Leave to Ask to Except [*sic*] this 'Supplemental Complaint' of New Arising Events, Adding New Defendants." (Doc. 31.) The undersigned will construe Plaintiff's request as a motion to amend his complaint, and hereby addresses Plaintiff's motion.

**I.  DISCUSSION**

Leave to amend a pleading "is entrusted to the sound discretion of the trial court," *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996), and "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2). In exercising its "discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities. . . Accordingly, Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *United States v. Webb*, 655

F.2d 977, 979 (9th Cir. 1981) (internal quotation marks & citations omitted). "But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citations omitted).

### A.     Relevant Background

In the screening order dated June 11, 2021, the Court found that Plaintiff's complaint violated Rule 8 of the Federal Rules of Civil Procedure because it was "replete with arguments, conclusory statements, vague assertions, and unnecessary background." (Doc. 27 at 3.) Plaintiff was cautioned that should he choose to file an amended complaint, he was to "make it as concise as possible" and was to "avoid argumentation, conclusory statements, vague assertions, and unnecessary background – he should instead provide only *facts*." (*Id.* at 4.) Plaintiff was further advised the Court was unable to determine whether his three claims for inadequate medical care, denial of access to the courts, and retaliation were related for purposes of Rule 20. (*Id.*) Plaintiff was reminded he may not bring those claims in one lawsuit "*unless* they arise out of the same occurrence, transaction, or series of transactions or occurrences, and there is a common question of law or fact. (*Id.*) After providing Plaintiff with the legal standards relating to his claims (*id*. at 4-7), Plaintiff was afforded the opportunity to file a first amended complaint curing the deficiencies identified within 21 days (*id*. at 7).

Instead of filing a first amended complaint, on June 28, 2021, Plaintiff filed the instant "Motion Requesting Leave to Ask to Except [*sic*] the 'Supplemental Complaint' of New Arising Events, Adding New Defendants." (Doc. 31.) The motion is nine pages long and purports to be a supplemental complaint "adding new defendants and new injuries and facts that arose after" Plaintiff filed his original complaint. (*Id.*)

On July 20, 2021, the undersigned issued an Order to Show Cause (OSC) why the action should not be dismissed for Plaintiff's failure to obey a court order. (Doc. 34.) Plaintiff responded on July 30, 2021, expressing his "alarming shock and total fear" upon receipt of the OSC, and contending he did not receive the Court's screening order. (Doc. 35.) On August 2, 2021, the OSC was discharged, and Plaintiff was granted an extension of time to file a first amended

1 complaint; Plaintiff was also re-served with the screening order. (Doc. 36.)

2 On August 23, 2021, Plaintiff filed a first amended complaint. (Doc. 41.) Plaintiff named as defendants California Healthcare Receivership Corp., KVSP Warden P. Phifer, Supervising Psychologist T. Taylor, Psychologist Graywall, LCSW J. Marciel, Psychologist Rubbish, LCSW Taylor, Psychologist W. Gerderal (or Gerdano), Psychologist Jane Doe #1, and Psychologist Jane Doe #2. (Doc. 41 at 1-2, 4.) Under the heading "IV. Causes of Action," Plaintiff attempts to incorporate his original complaint, (*Id*. at 5, 10), and sets forth numbered paragraphs in support of Claim 1 (*id*. at 5-10) and Claim 2 (*id*. at 10-11).

**B**.   **Analysis**

Plaintiff's first amended complaint does not comply with the Court's previous screening order. Plaintiff was expressly advised in June 2021 of the following:

> Plaintiff is informed that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty*., 693 F.3d 896, 927 (9th Cir. 2012). Thus, a first amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. The Court provides Plaintiff with an opportunity to amend his complaint to cure the deficiencies identified in this order. However, he may not change the nature of his suit by adding unrelated claims in an amended complaint.

(Doc. 27 at 8.) Although Plaintiff was informed that a first amended complaint must be "complete in itself without reference to the prior or superseded pleading, the first amended complaint filed in August 2021 improperly attempts to incorporate information from the original complaint. In light of Plaintiff's *pro se* status, he will be afforded another opportunity to amend his complaint, to help ensure it is complete in and of itself without reference to either the original complaint or the first amended complaint.

Next, to the extent Plaintiff's now pending motion seeks to add two new defendants–Sgt. M. Espinosa and Lt. Ruelas–Plaintiff may elect to add these defendants should he choose to file a second amended complaint while complying with the applicable rules. *See* Fed. R. Civ. P. 20(a)(2). Regarding Plaintiff's reference to "new injuries and facts that arose after fil[ing] of original complaint," (Doc. 31 at 1), Plaintiff is again cautioned that unless his claims arise out of the same occurrence, transaction, or series of transactions or occurrences, *and* there is a common question

3

of law or fact as to all defendants, he may not bring them in a single action. *See* Fed. R. Civ. P. 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) ("unrelated claims against different defendants belong in separate lawsuits"); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). Thus, Plaintiff should carefully consider whether adding new defendants is proper in this action.

## II. CONCLUSION AND ORDER

For the reasons set forth above, the Court grants Plaintiff leave to file a second amended complaint. Plaintiff is informed that his second amended complaint will be subject to screening pursuant to 28 U.S.C. § 1915A, and the second amended complaint will supersede the original and first amended complaints. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). As set forth in the prior screening order and as noted again above, Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded" complaints. Local Rule 220.

Accordingly, the Court **ORDERS**:

1. Plaintiff's motion to amend the complaint (Doc. 31) is **GRANTED**;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form; and,
3. **Within 30 days** of the date of service of this order, Plaintiff shall file the second amended complaint.

**Failure to comply with this order will result in a recommendation that this action be dismissed for a failure to obey court orders.**

IT IS SO ORDERED.

Dated:   **March 15, 2022**              /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE

4