UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONTAE JOHAN DUNCAN,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA HEALTHCARE RECEIVERSHIP CORP., et al.,<br><br>Defendants. | Case No. 1:20-cv-01288-AWI-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>(Doc. 42)<br><br>**14-DAY DEADLINE** |

On November 5, 2021, Plaintiff filed a "Motion Requesting Temporary Restraining Order, T.R.O. [for] New Arosen [sic] Extraordinary 'Continuing' Injuries Circumstances." (Doc. 42.) The undersigned hereby recommends Plaintiff's motion be denied.

**I.     RELEVANT PROCEDURAL BACKGROUND**

Plaintiff initiated this action by filing his original complaint on September 10, 2020. (Doc. 1.) Plaintiff alleges that Defendants denied him adequate medical care for his mental-health condition, subjected him to retaliation, and denied him access to this Court. (*See id.*) That same date, Plaintiff filed a document titled "Order to Show Cause for Tempor[ar]y Restrain[in]g Order." (Doc. 3.)

On October 14, 2020, the undersigned issued Findings and Recommendations to deny Plaintiff's motion for temporary restraining order. (Doc. 15.) Despite Plaintiff's objections to the

recommendations (Doc. 17), District Judge Anthony W. Ishii issued an Order Adopting Findings and Recommendations and Denying Plaintiff's Motion for Temporary Restraining Order on December 3, 2020. (Doc. 24.)

On November 16, 2020, during the period between the issuance of the October 2020 Findings and Recommendations and the District Judge's adoption thereof, Plaintiff filed a document titled "Motion to Compel the Court to leave T.R.O: For New Arising Extraordinary Circumstances." (Doc. 21.) On November 18, 2020, Plaintiff filed a document titled "Motion for TRO: New Arising Extraordinary Circumstances." (Doc. 22.) On June 8, 2021, the undersigned issued Findings and Recommendations to Deny Plaintiff's Motions for Temporary Restraining Orders. (Doc. 26.) Plaintiff filed objections on June 28, 2021. (Doc. 29.) On June 30, 2021, District Judge Ishii issued an Order Adopting Findings and Recommendations and Denying Plaintiff's Second and Third Motions for Temporary Restraining Orders. (Doc. 33.)

During the period between the issuance of the June 2021 Findings and Recommendations and the District Judge's adoption thereof, Plaintiff filed a document titled "Motion for T.R.O for New Injury Arosed [sic] Request for T.R.O. Investigate New Injury Now." (Doc. 28.) On June 28, 2021, Plaintiff filed another document titled "Motion for Compel TRO, for 'New,' Has Arisen: New Injury, Requiring Restraining Order." (Doc. 30.)

On November 5, 2021, Plaintiff filed the instant motion for temporary restraining order. (Doc. 42.) On December 3, 2021, the undersigned issued Findings and Recommendations to deny Plaintiff's Motions for Temporary Restraining Orders as Moot. (Doc. 43.) Plaintiff filed objections on December 16, 2021. (Doc. 44.) On December 20, 2021, District Judge Ishii issued an Order Adopting Findings and Recommendations and Denying Plaintiff's Fourth and Fifth Motions for Temporary Restraining Order. (Doc. 45.)

//
//
//
//
//

2

## II. DISCUSSION

"A preliminary injunction is an extraordinary remedy never awarded as of right." [1] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

In addition, a "federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "[A]n injunction must be narrowly tailored 'to affect only those persons over which it has power,' . . . and to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible breaches of the law.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting *Zepeda*, 753 F.2d at 727, 728 n.1).

In his sixth motion for temporary restraining order, Plaintiff alleges that prison officials are interfering with his heart and mental health treatment, have confiscated his property, retaliated against him for filing the instant action by filing improper rules violations reports, and interfered with his mail. (Doc. 42 at 1-6.) He seeks an order directing those officials to stop the stated conduct, "to be provided" his property and "for due process in getting my credit back, and to stop inciting and invoking dehumanizational agenda and motivated by evil." (*Id*. at 6.)

### A. The Court Lacks Personal Jurisdiction

In the first amended complaint,[2] the named defendants include the California Healthcare Receivership Corp. and numerous California Department of Corrections and Rehabilitation ("CDCR") employees[3] at Kern Valley State Prison. (*See* Doc. 41.) In his most recent motion for

---

[1] "The standard for a [temporary restraining order] is the same as for a preliminary injunction." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (citation omitted).

[2] On March 15, 2022, Plaintiff was granted leave to file a second amended complaint within 30 days. (*See* Doc. 46.)

[3] KVSP Warden P. Phifer, Supervising Psychologist T. Taylor, Psychologist Graywall, LCSW J. Marciel,

3

temporary restraining order, however, Plaintiff seeks an order of this Court directed to CDCR employees at another institution, the California Substance Abuse Treatment Facility ("SATF"). (*See* Doc. 42 at 3 ["Please grant a T.R.O against these officers" wherein Plaintiff listed at least 10 SATF employees], 6 ["these officers"].)

Plaintiff has been previously advised that this Court does not have personal jurisdiction over entities or individuals not named in Plaintiff's complaint. (*See, e.g.*, Doc. 26 at 2.) Here, the operative complaint concerns only CDCR employees at Kern Valley State Prison; it does not name any CDCR employees at SATF. As such, this Court lacks personal jurisdiction as to the SATF employees. *Zepeda v. U.S. I.N.S.*, 753 F.2d at 727; *Price v. City of Stockton*, 390 F.3d at 1117. Therefore, Plaintiff is not entitled to, and the Court may not issue, a temporary restraining order directed to individuals at SATF.

### III.     CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS that Plaintiff's motion for temporary restraining order (Doc. 42) be DENIED. These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 8, 2022**                        /s/ *Sheila K. Oberto*
                                                     UNITED STATES MAGISTRATE JUDGE

---

Psychologist Rubbish, LCSW Taylor, Psychologist W. Gerderal (or Gerdano), Psychologist Jane Doe #1, and Psychologist Jane Doe #2. (Doc. 41 at 1-2, 4.)