UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONTAE JOHAN DUNCAN,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA HEALTHCARE RECEIVERSHIP CORP., et al.,<br><br>Defendants. | Case No. 1:20-cv-01288-AWI-SKO (PC)<br><br>**ORDER REGARDING PLAINTIFF'S RESPONSE AND DENIAL OF REQUEST FOR EARLY SETTLEMENT CONFERENCE**<br><br>(Doc. 48)<br><br>**DEADLINE: MAY 20, 2022** |

On April 14, 2022, Plaintiff filed "Plaintiffs Motion Responding to: Courts order allowing leave amended Complaint [and] plaintiffs Request to compell early settlement conference: though [and] by P.L.R.A. rite's. [He] so countering." (Doc. 42, brackets in original.)

**RELEVANT PROCEDURAL BACKGROUND[1]**

Plaintiff initiated this action by filing his original complaint on September 10, 2020. (Doc. 1.) Plaintiff alleges that Defendants denied him adequate medical care for his mental health condition, subjected him to retaliation, and denied him access to this Court. (*See id.*)

---

[1] Plaintiff has filed six separate motions for temporary restraining order since initiating this action on September 10, 2020. (*See* Docs. 3, 21, 22, 28, 30, 42.) The district court has issued orders denying five of the six motions. (*See* Docs. 24, 26, 33, 45.) As of today's date, the findings and recommendations issued by the undersigned on April 8, 2022, recommending Plaintiff's sixth motion for temporary restraining order be denied, remain pending. (Doc. 47.)

1    On June 14, 2021, the Court issued its First Screening Order. (Doc. 27.) Plaintiff was
2 provided 21 days within which to file a first amended complaint. (*Id*. at 8.)
3    On June 28, 2021, Plaintiff filed a filed a "Motion Requesting Leave to Ask to Except this
4 'Supplemental Complaint' of New Arising Events, Adding New Defendants." (Doc. 31.)
5    On July 21, 2021, the Court issued an Order to Show Cause (OSC) why the action should
6 not be dismissed for Plaintiff's failure to comply with the Court's screening order by filing an
7 amended complaint. (Doc 34.) Plaintiff filed a response on July 30, 2021. (Doc. 35.) On August
8 2, 2021, the Court issued an Order discharging the OSC and granting Plaintiff an extension of
9 time within which to file a first amended complaint. (Doc. 36.)
10   On August 23, 2021, Plaintiff filed his first amended complaint. (Doc. 41.)  On March 15,
11 2022, the Court issued its Order Granting Plaintiff Leave to File Second Amended Complaint.
12 (Doc. 46.) Plaintiff was advised that his first amended complaint did not comply with the Court's
13 screening order and that he would be provided with an opportunity to properly amend his
14 complaint. (*Id*. at 3.) He was also cautioned regarding the addition of new defendants and new
15 injuries. (*Id*. at 3-4.) Plaintiff was provided 30 days within which to file a second amended
16 complaint, "'complete in itself without reference to the prior or superseded' complaints." (*Id*. at
17 4.)
18   On April 14, 2022, Plaintiff filed the instant motion "responding" to the Court's March
19 2022 order granting leave to amend, and requests that this matter be set for an "early settlement
20 conference." (Doc. 48.)
21   **I.    DISCUSSION**
22   Plaintiff requests an early settlement conference. Although it is not entirely clear, Plaintiff
23 appears to seek "a higher level of care." (Doc. 48 at 2.) He contends "in 4 years of P.L.R.A
24 screen," he has suffered sexual batteries and assault, gang assaults, kidnapping, theft, "logs of
25 release date good conduct credit and my own life to death some suicidal instances provoked to
26 mocked careless and recklessly." (*Id*.) He claims "bizarre and unusual thought programming of
27 exaberated paranoia, PTSD mistrust, narcissistic perfectionism complet fear of pain seeking
28 dillusional and unobtainable superman stability …" (*Id* at 2-3.) Plaintiff contends his injuries are

"worse and exponently compounded [] by PLRA need to screen out complaints." (*Id*. at 4.)

Plaintiff notes he "received courts correspondence of 'add defendants for new arising events' and so declines to add those defendants," despite continued suffering. (*Id*.) Plaintiff contends he "is sick" – referring to his mental health and symptoms following COVID 19 infections – and asks the Court to "consider early settlement." (*Id* at 6-7.) Plaintiff states that "with this motion" he seeks to "compel defendants and court to early settlement conference per Federal Rules of Civil Procedure against PLRA screen …." (*Id* at 7.) Plaintiff believes defendants "would agree to early and higher settlement" "based on defendants admit of plaintiff's original argument and admit to E.O.P again for same content of character which was reckless and evident contended." (*Id* at 9.) Defendants have not yet appeared in this action, and the named defendants have not admitted anything. Nor is there an operative complaint on file with the Court.

As an initial matter, the Court will not compel any defendant to participate in an early settlement conference where no defendant has been served with a complaint. Even if defendants had been served and appeared in the action, the Court would not compel defendants to participate in an early settlement conference. Early settlement conferences occur where both parties voluntarily agree to participate because both parties agree such a conference may be beneficial. While Plaintiff clearly believes an early settlement conference would be beneficial in this case, defendants have not yet been afforded an opportunity to respond to the claims asserted by Plaintiff, and have not yet weighed in on whether an early settlement conference would be beneficial in this matter.

Second, Plaintiff was afforded leave to file a second amended complaint on March 15, 2022. (Doc. 46.) Plaintiff was provided 30 days within which to file the second amended complaint and was cautioned, again, that an amended complaint "must be 'complete in itself without reference to the prior or superseded pleading" and that he would "be afforded another opportunity to amend his complaint, to help ensure it is complete in and of itself without reference to either the original complaint or the first amended complaint." (*Id*. at 3-4.) Plaintiff was provided a civil rights complaint form and warned as follows: "**Failure to comply with this order will result in a recommendation that this action be dismissed for a failure to obey**

**court orders.**" (*Id.* at 4.) Because Plaintiff has failed to file a second amended complaint, there is presently no operative complaint for the Court to screen. As a result, defendants have neither been served with a complaint, nor appeared in the action.

Plaintiff will be given ***one final opportunity*** to comply with the Court's orders. He shall file a second amended complaint—which is complete in and of itself—by no later than May 20, 2022. Assuming Plaintiff files a second amended complaint, that complaint will be screened in due course. *See* 28 U.S.C. § 1915A. Only once Plaintiff's amended complaint states cognizable claims against all defendants named in the amended complaint will the Court ordered service of that complaint, resulting in defendants appearing in the action.

## II.  CONCLUSION AND ORDER

For the reasons set forth above, the Court denies Plaintiff's request to compel defendants to participate in an early settlement conference. The Court will grant Plaintiff a final extension of time within which to file his second amended complaint—which shall be complete in and of itself.

Based on the foregoing, the Court **ORDERS**:

1. Plaintiff's request to compel defendants to participate in an early settlement conference (Doc. 48) is DENIED;
2. Plaintiff SHALL file a second amended complaint, complete in and of itself, **no later than May 20, 2022**; and
3. The Clerk of the Court shall send Plaintiff a civil rights complaint form and to re-serve Plaintiff with the Court's March 15, 2022, Order (Doc. 46).

**Plaintiff is expressly advised that failure to comply with this Order, no later than the May 20, 2022, deadline, will result in the issuance of findings and recommendations wherein the undersigned will recommend dismissal of this action for Plaintiff's continuing failure to obey court orders.**

IT IS SO ORDERED.

Dated:   **April 18, 2022**                         /s/ *Sheila K. Oberto*

4

UNITED STATES MAGISTRATE JUDGE