UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONTAE JOHAN DUNCAN,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA HEALTHCARE RECEIVERSHIP CORP., et al.,<br><br>Defendants. | Case No. 1:20-cv-01288-AWI-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S SEVENTH MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>(Doc. 56)<br><br>**14-DAY DEADLINE** |

On June 3, 2022, Plaintiff filed a "Motion for 'T.R.O.' Temporary Restraining Order Against Defendants." (Doc. 56.) The undersigned will recommend Plaintiff's motion be denied.

**I.     INTRODUCTION**

This is Plaintiff's seventh motion for a temporary restraining order. This order will not include a recitation of the procedural history of Plaintiff's previous motions, as that history was previously detailed in the findings and recommendations issued April 8, 2022. (*See* Doc. 47 at 1-2.)

//
//
//
//

## II.     DISCUSSION

"A preliminary injunction is an extraordinary remedy never awarded as of right."[1] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id*. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst*., 555 U.S. 488, 491–93 (2009*); Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969.

A "federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "[A]n injunction must be narrowly tailored 'to affect only those persons over which it has power,' . . .

---

[1] "The standard for a [temporary restraining order] is the same as for a preliminary injunction." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (citation omitted).

and to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible breaches of the law.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting *Zepeda*, 753 F.2d at 727, 728 n.1).

In his seventh motion for temporary restraining order, Plaintiff alleges that prison officials at Salinas Valley State Prison (SVSP) are refusing him access to his "private psycho therapist" and do not respond to his numerous "call slips" for access and mental health treatment, including requests following an attack by another inmate on the yard. (Doc. 56 at 1-3.) Plaintiff seeks an order "to have SVSP Mental Health approve or the California Healthcare Receivership Corp allow me one on one private sessions once a week as mandated E.O.P session." (*Id.* at 3.)

Plaintiff has not made a sufficient showing to warrant the granting of a temporary restraining order. First, no defendant in this action has been served with process. Until one or more of the defendants have been served with process, this Court lacks personal jurisdiction over them, and may not grant the injunctive relief Plaintiff requests. *See* Fed. R. Civ. P. 65(d)(2); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). At present, the Court has no actual case or controversy before it. *City of L.A. v. Lyons*, 461 U.S. at 102.

Second, even liberally construing Plaintiff's motion to conclude it demonstrates Plaintiff is likely to suffer irreparable harm in the absence of preliminary relief, Plaintiff has failed to demonstrate he is likely to succeed on the merits. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. at 20. In its prior screening order, (Doc. 27), the Court was unable to determine whether Plaintiff's original complaint stated a cognizable claim upon which relief could be granted.[2] Additionally, Plaintiff's second amended complaint (Doc. 52) has not yet been screened. Therefore, Plaintiff has necessarily failed to show, for purposes of justifying preliminary injunctive relief, any likelihood of success on the merits of his claims. Nor has Plaintiff made any showing that the balance of equities tips in his favor and that an injunction is in the public interest. *Id.* at 20.

---

[2] Plaintiff filed a first amended complaint on August 23, 2021. (Doc. 41.) However, prior to screening of the first amended complaint, on March 15, 2022, Plaintiff was granted leave to file a second amended complaint. (Doc. 46.)

Finally, to the extent Plaintiff seeks an order directing officials at SVSP to act, the court lacks personal jurisdiction over individuals employed at SVSP. As previously explained to Plaintiff on at least two prior occasions, (*see* Doc. 26 at 2 & Doc. 42 at 3-4), the Court does not have personal jurisdiction over entities or individuals not named in Plaintiff's complaint. Plaintiff's operative complaint concerns only CDCR employees at Kern Valley State Prison; it does not name any CDCR employees at SVSP. *See Zepeda v. U.S. I.N.S.*, 753 F.2d at 727; *Price v. City of Stockton*, 390 F.3d at 1117.

### III.     CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS that Plaintiff's motion for temporary restraining order (Doc. 56) be DENIED. These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 6, 2022**                         /s/ *Sheila K. Oberto*
                                                        UNITED STATES MAGISTRATE JUDGE