UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONTAE JOHAN DUNCAN,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA HEALTHCARE RECEIVERSHIP CORP., et al.,<br><br>Defendants. | Case No. 1:20-cv-01288-AWI-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S EIGHTH AND NINTH MOTIONS FOR TEMPORARY RESTRAINING ORDER**<br><br>(Docs. 57 & 61)<br><br>**14-DAY DEADLINE** |

On June 6, 2022, Plaintiff filed a "Motion for 'T.R.O.' Temporary Restraining Order Against Defendants," (Doc. 57), and on July 5, 2022, he filed a "Motion Requesting Tempor[ar]y Retraining Order [T.R.O.]" (Doc. 61). The undersigned recommends that Plaintiff's eighth and ninth motions for a temporary restraining order be denied.

**I.      INTRODUCTION**

Plaintiff's June 6, 2022, and July 5, 2022, motions represent his eighth and ninth motions for a temporary restraining order. The former concerns the processing of legal mail, and the latter involves access to mental health treatment. As with previous orders, the Court will forego a recitation of the procedural history of Plaintiff's previous motions as that history was detailed in the findings and recommendations issued April 8, 2022. (*See* Doc. 58 at 1, citing Doc. 47 at 1-2.)

//

## II. DISCUSSION

"A preliminary injunction is an extraordinary remedy never awarded as of right."[1] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id*. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  The pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491-93 (2009*); Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969.

A "federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "[A]n injunction must be narrowly tailored 'to affect only those persons over which it has power,' . . . and to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible

---

[1] "The standard for a [temporary restraining order] is the same as for a preliminary injunction." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (citation omitted).

breaches of the law.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting *Zepeda*, 753 F.2d at 727, 728 n.1).

### *Plaintiff's Motion Filed June 6, 2022 (Doc. 57)*

In his eighth motion for temporary restraining order, Plaintiff alleges custody staff at his current institution, Salinas Valley State Prison (SVSP), are "returning mail and not processing legal mail specifically to this Court "exactly same as claimed at CSATF" and as previously grieved through administrative processes. (Doc. 57 at 1-2.) Plaintiff contends "yet another legal mail has been falsified as not suitable for process," and he claims this is done "to annoy and harass." (*Id*. at 2.) Plaintiff asks the Court to "grant T.R.O. again for custody not processing legal mail specifically addressed to this Court." (*Id*.)  Plaintiff has again failed to make a sufficient showing to warrant the granting of a temporary restraining order.

As explained in previous findings and recommendations, (*see* Doc. 58 at 3 [Findings and Recommendations issued 6/7/22]), no defendant in this action has been served with process. Until one or more of the defendants have been served with process, this Court lacks personal jurisdiction over them, and may not grant the injunctive relief Plaintiff requests. *See* Fed. R. Civ. P. 65(d)(2); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). At present, the Court has no actual case or controversy before it. *City of L.A. v. Lyons*, 461 U.S. at 102.

To the extent Plaintiff seeks an order directing officials or staff at SVSP to act or refrain from acting, the court lacks personal jurisdiction over individuals employed at SVSP. As previously explained on at least three prior occasions, (*see* Doc. 26 at 2; Doc. 42 at 3-4 & Doc. 58 at 4), the Court does not have personal jurisdiction over entities or individuals not named in Plaintiff's complaint. Plaintiff's operative complaint concerns only CDCR employees at Kern Valley State Prison (Doc. 52 [second amended complaint]); it does not name any CDCR employees at SVSP. *See Zepeda v. U.S. I.N.S.*, 753 F.2d at 727; *Price v. City of Stockton*, 390 F.3d at 1117. The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969.  Even liberally construing Plaintiff's motion to conclude it demonstrates Plaintiff is likely to

suffer irreparable harm in the absence of preliminary relief, Plaintiff has failed to demonstrate he is likely to succeed on the merits, a requirement that must be met to obtain injunctive relief. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. at 20.

In its prior screening order, (Doc. 27), the Court was unable to determine whether Plaintiff's original complaint stated a cognizable claim upon which relief could be granted.[2] Additionally, Plaintiff's second amended complaint (Doc. 52) has not yet been screened.[3] Therefore, Plaintiff has necessarily failed to show, for purposes of justifying preliminary injunctive relief, any likelihood of success on the merits of his claims. Nor has Plaintiff made any showing that the balance of equities tips in his favor and that an injunction is in the public interest. *Id*. at 20.

### *Plaintiff's Motion Filed July 5, 2022 (Doc. 61)*

In his ninth motion for temporary restraining order, Plaintiff revisits a previous request for a temporary restraining order by contending he is consistently denied access to mental health programs and treating staff since transferring to SATF. (Doc. 61 at 1-4.) Plaintiff claims that when he questions why he is unable to participate in mental health therapy and programs, or to see his primary mental health provider, he is told the programs or appointments were cancelled due to staff shortages. (*Id*.) Plaintiff believes these actions to be fraud, (*id*. at 5), and that "mental health staff is clandestinely hiding behind regular prison based excuses to either cancel group and not run program at all or [they are] fearful of being behind closed doors with inmates …." (*id*. at 6). Plaintiff contends "custody is micro managing the mental health program out of clandestined romances and a bizarre and unusual display of psych ops experimentation to applicate on the inmate population and thus [Plaintiff] cheating [him] out of adequate and reasonable mental health program." (*Id*. at 7.) Plaintiff asks the Court to "have mental health staff provide [him] all

---

[2] Plaintiff filed a first amended complaint on August 23, 2021. (Doc. 41.) However, prior to screening of the first amended complaint, on March 15, 2022, Plaintiff was granted leave to file a second amended complaint. (Doc. 46.)

[3] On July 25, 2022, Plaintiff filed a motion to amend the complaint. (Doc. 63.) That motion will be addressed in a separate order in due course.

mandated E.O.P. program[s] especially private one on one primary [doctor] consults" (*id*. at 5) and "more consistent" "indoor recreational groups and one on one private consults" and "in depth psychosis organizing and fact checking the degree of [Plaintiff's] schizo reality testing levels and more primary [doctors] group consult" (*id*. at 7).

Once again, Plaintiff has not made a sufficient showing to warrant the granting of a temporary restraining order. As explained in previous findings and recommendations, (*see* Doc. 58 at 3 [Findings and Recommendations issued 6/7/22]), no defendant in this action has been served with process. Until one or more of the defendants have been served with process, this Court lacks personal jurisdiction over them, and may not grant the injunctive relief Plaintiff requests. *See* Fed. R. Civ. P. 65(d)(2); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). At present, the Court has no actual case or controversy before it. *City of L.A. v. Lyons*, 461 U.S. at 102.

To the extent Plaintiff seeks an order directing officials at SVSP to act, the court lacks personal jurisdiction over individuals employed at SVSP. As noted above and as previously explained to Plaintiff, (*see* Doc. 26 at 2; Doc. 42 at 3-4 & Doc. 58 at 4), the Court does not have personal jurisdiction over entities or individuals not named in Plaintiff's complaint. Plaintiff's operative complaint concerns only CDCR employees at Kern Valley State Prison (Doc. 52 [second amended complaint]); it does not name any CDCR employees at SVSP. *See Zepeda v. U.S. I.N.S.*, 753 F.2d at 727; *Price v. City of Stockton*, 390 F.3d at 1117. The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969.

Finally, even liberally construing Plaintiff's motion to conclude it demonstrates Plaintiff is likely to suffer irreparable harm in the absence of preliminary relief, Plaintiff has failed to demonstrate he is likely to succeed on the merits. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. at 20. In its prior screening order (Doc. 27), the Court was unable to determine whether Plaintiff's original complaint stated a cognizable claim upon which relief could be granted. Additionally, Plaintiff's second amended complaint (Doc. 52) has not yet been screened. Therefore, Plaintiff has necessarily failed to show—for purposes of justifying preliminary injunctive relief—any

5

likelihood of success on the merits of his claims. Nor has Plaintiff made any showing that the balance of equities tips in his favor and that an injunction is in the public interest. *Id*. at 20.

### III. CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the Court RECOMMENDS that Plaintiff's eighth motion (Doc. 57) and ninth motion (Doc. 61) for temporary restraining orders be DENIED.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 2, 2022**                       /s/ *Sheila K. Oberto*
                                                   UNITED STATES MAGISTRATE JUDGE