UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONTAE JOHAN DUNCAN,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA HEALTHCARE RECEIVERSHIP CORP., et al.,<br><br>Defendants. | Case No. 1:20-cv-01288-AWI-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S TENTH AND ELEVENTH MOTIONS FOR TEMPORARY RESTRAINING ORDER**<br><br>(Docs. 65 & 67)<br><br>**14-DAY DEADLINE** |

On August 12, 2022, Plaintiff filed a document titled "Request for Tempory [sic] Restraining Order for New Arising Injury Though Continuing" (Doc. 65) and on November 22, 2022, he filed a document titled "Motion: Change of Address and Requesting T.R.O for New Arisen Injury, Request to Amend Complaint Add New Defendants at a Later Date, Request Motion this of Court." (Doc. 67.)

**I.     INTRODUCTION**

Plaintiff has filed nine previous motions seeking a temporary restraining order. (*See* Docs. 3, 21, 22, 28, 30, 42, 56, 57, 61.)[1] The first seven have been denied by District Judge Anthony W.

---

[1] A recitation of the procedural history of Plaintiff's previous motions before those now pending final determination can be found in the findings issued April 8, 2022. (*See* Doc. 47 at 1-2.)

Ishii. (*See* Docs. 24, 33, 45, 59, 62.) On August 3, 2022, the undersigned issued Findings and Recommendations to Deny Plaintiff's Eighth and Ninth Motions for Temporary Restraining Order. (Doc. 64.) Plaintiff filed objections on August 19, 2022. (Doc. 66.) Those findings are now pending consideration before Judge Ishii.

The undersigned now considers Plaintiff tenth and eleventh motions for temporary restraining order.

**II.     DISCUSSION**

"A preliminary injunction is an extraordinary remedy never awarded as of right." [2] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id*. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491-93 (2009*); Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties

---

[2] "The standard for a [temporary restraining order] is the same as for a preliminary injunction." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (citation omitted).

in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969.

A "federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "[A]n injunction must be narrowly tailored 'to affect only those persons over which it has power,' . . . and to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible breaches of the law.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting *Zepeda*, 753 F.2d at 727, 728 n.1).

### ***Plaintiff's Motion Filed August 12, 2022 (Doc. 65)***

In his tenth motion for temporary restraining order, Plaintiff alleges "SVSP correctional staff are interfering and also provoking and inciting [his] schizophrenia deliberately by failing to work with [his] mental health Dr by manipulating records and failing to correct custody error in changing [his] release date." (Doc. 65 at 1-2.) Plaintiff cites to several actions undertaken by SVSP staff (*id*. at 2-3) and claims an "imminent threat of injury to [his] parole date" (*id*. at 4).

As Plaintiff has been advised on at least two prior occasions (*see* Doc. 58 at 3 [Findings and Recommendations issued 6/7/22, adopted in full on 7/15/22] & Doc. 64 at 3 [Findings and Recommendations issued 8/3/22]), the Court does not have personal jurisdiction over any defendant because no defendant has been served with process. Plaintiff is again advised that until one or more of the defendants have been served with process, this Court lacks personal jurisdiction over them, and may not grant the injunctive relief Plaintiff requests. *See* Fed. R. Civ. P. 65(d)(2); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party must appear to defend").

As explained to Plaintiff on numerous prior occasions (*see, e.g.,* Doc. 26 at 2, Doc. 42 at 3-4, Doc. 58 at 4 & Doc. 64 at 3), the Court also lacks personal jurisdiction over individuals employed at SVSP because the Court does not have personal jurisdiction over entities or

3

1  individuals not named in Plaintiff's complaint. Plaintiff's operative complaint concerns only
2  CDCR employees at Kern Valley State Prison (Doc. 52 [second amended complaint]); it does not
3  name any CDCR employees at SVSP. *See Zepeda v. U.S. I.N.S.*, 753 F.2d at 727; *Price v. City of*
4  *Stockton*, 390 F.3d at 1117. The Court's jurisdiction is limited to the parties in this action and to
5  the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491-93;
6  *Mayfield*, 599 F.3d at 969.

7      Setting aside the lack of personal jurisdiction, even liberally construing Plaintiff's motion
8  to conclude it demonstrates Plaintiff is likely to suffer irreparable harm in the absence of
9  preliminary relief, Plaintiff has failed to demonstrate he is likely to succeed on the merits, a
10 requirement that must be met to obtain injunctive relief. *Winter v. Nat. Res. Def. Council, Inc.*,
11 555 U.S. at 20. That factor—the likelihood of success on the merits—is the most important factor
12 for a court to consider. *Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir.
13 2017). In its prior screening order (Doc. 27), the Court was unable to determine whether
14 Plaintiff's original complaint stated a cognizable claim upon which relief could be granted.[3] The
15 Court noted Plaintiff raised claims of inadequate medical care, retaliation, and denial of access to
16 courts, but was unable to determine whether those claims were related for purposes of Rule 20 of
17 the Federal Rules of Civil Procedure. (Doc. 27 at 3-4.) Additionally, Plaintiff's second amended
18 complaint (Doc. 52) has not yet been screened,[4] and the Court has not yet had an opportunity to
19 consider whether Plaintiff has successfully cured the deficiencies identified his in his previous
20 complaint. Therefore, Plaintiff has failed to show, for purposes of justifying preliminary
21 injunctive relief, any likelihood of success on the merits of his claims. Nor has Plaintiff made any
22 showing whatsoever that the balance of equities tips in his favor and that an injunction is in the
23 public interest. *Id*. at 20.
24 //

---

[3] Plaintiff filed a first amended complaint on August 23, 2021. (Doc. 41.) However, prior to screening of the first amended complaint, on March 15, 2022, Plaintiff was granted leave to file a second amended complaint. (Doc. 46.)

[4] On July 25, 2022, Plaintiff filed a motion to amend the complaint. (Doc. 63.) That motion will be addressed in a separate order in due course.

*Plaintiff's Motion Filed November 22, 2022 (Doc. 67)*

In his eleventh motion for temporary restraining order,[5] Plaintiff seeks a restraining order "against SVSP staff" for a "bad facial injury documented by ISU," "facial slash on face." (Doc. 67 at 1-2.) Plaintiff states "SVSP custody staff literally beat [his] certificate of rehabilitation to the slam to concrete and [his] face smashed and rub[b]ed on gravel cement. Just to put [him] in ad-seg and transfer [him] out of prison," extending his parole release date. (*Id*. at 2.) Plaintiff alleges "custody" is using "Confidential Information to Harass and make excessive noise to trigger [him]" and to "manipulate mental health staff to send [him] to MDO Hospital or extend release date." (*Id*. at 3.) Plaintiff is "targeted at whatever prison" he is assigned and "now its at CMC." (*Id*.) Plaintiff contends "CMC is purposely separat[ing]" him from his "diary and self authored music and book content to torture" him. (*Id*. at 4.) Plaintiff claims his work is "copywrited with Congress Library [indecipherable] to do a podcast and many offers for jobs in my property to successful reentry to society that [he] accomplished or on despite mental health issue, but that's why [he's] being offered $ for [his] story and its all in [his] property that CMC is holding …." (*Id*.)  Plaintiff asks the Court to "grant T.R.O for property and against custody staff at SVSP and CMC to protect property and not allow inmates or staff unduly handle [his] only 2 boxes which are all legal documentation and [his] bread and butter economical [indecipherable] and book manual scripts [he] authored." (*Id*. at 4.)

Plaintiff has not made a sufficient showing to warrant the granting of a temporary restraining order. As explained above and in previous findings and recommendations issued by this Court, no defendant in this action has been served with process. Until one or more of the defendants have been served with process, this Court lacks personal jurisdiction over them, and may not grant the injunctive relief Plaintiff requests. *See* Fed. R. Civ. P. 65(d)(2); *Murphy Bros., Inc.*, 526 U.S. at 350.

Further, to the degree Plaintiff seeks an order directing officials at SVSP and the California Men's Colony (CMC) to act or refrain from acting, as previously explained, the Court

---

[5] This motion also includes a request to amend his complaint to add new defendants. That request will be addressed separately, along with Plaintiff's July 25, 2022 motion to amend the complaint.

1 lacks personal jurisdiction over individuals employed at SVSP and also lacks personal
2 jurisdiction over individuals employed at CMC. The Court does not have personal jurisdiction
3 over entities or individuals not named in Plaintiff's complaint. Plaintiff's operative complaint
4 concerns only CDCR employees at Kern Valley State Prison (Doc. 52 [second amended
5 complaint]); it does not name any CDCR employees at SVSP or CMC. *See Zepeda v. U.S. I.N.S.*,
6 753 F.2d at 727; *Price v. City of Stockton*, 390 F.3d at 1117. The Court's jurisdiction is limited to
7 the parties in this action and to the viable legal claims upon which this action is proceeding.
8 *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969.

9 Finally, even liberally construing Plaintiff's motion as demonstrating Plaintiff is likely to
10 suffer irreparable harm in the absence of preliminary relief, Plaintiff has again failed to establish
11 he is likely to succeed on the merits. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. at 20. In its
12 prior screening order (Doc. 27), as noted above, the Court was unable to determine whether
13 Plaintiff's original complaint stated a cognizable claim upon which relief could be granted.
14 Moreover, Plaintiff's second amended complaint (Doc. 52) has not yet been screened and thus no
15 determination has been made as to whether Plaintiff has stated any cognizable claim. Because the
16 second amended complaint has not yet been screened, the Court has not had an opportunity to
17 determine whether Plaintiff cured the deficiencies identified in its previous screening order.
18 Therefore, Plaintiff has necessarily failed to show, for purposes of justifying preliminary
19 injunctive relief, any likelihood of success on the merits of his claims. And as before, Plaintiff has
20 made no showing that the balance of equities tips in his favor and that an injunction is in the
21 public interest. *Winter,* at 20.

**III.     WARNING TO PLAINTIFF REGARDING FUTURE FILINGS**

23 As noted above, Plaintiff has now filed eleven motions for temporary restraining orders
24 with this Court. Plaintiff has been advised of reasons for the denial of each motion he has filed.
25 Despite those advisements—and particularly those involving this Court's jurisdiction—Plaintiff
26 continues to file motions contrary to the applicable law.

27 This Court is one of the busiest district courts in the nation. Plaintiff's continued filing of
28 repetitive, unjustified motions with the Court, causes further delay in this proceeding and the

waste of judicial resources. Plaintiff is again reminded that motions for temporary restraining orders sought against parties who are not named in Plaintiff's operative complaint will not be granted because the Court lacks jurisdiction. Plaintiff is cautioned that any further motions for a temporary restraining order filed prior to this Court's screening of his second amended complaint, will be summarily denied. Until Plaintiff can show both proper jurisdiction and a demonstration that all four *Winter* factors have been met, Plaintiff is not entitled to the injunctive relief he seeks.[6] **In the event Plaintiff continues to file motions for temporary restraining orders that do not establish this Court's jurisdiction and/or do not demonstrate the *Winter* factors have been met, the undersigned will recommend dismissal of this action for Plaintiff's failure to obey court orders.**

### IV.   CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the Court RECOMMENDS that Plaintiff's tenth motion (Doc. 57) and eleventh motion (Doc. 67) for temporary restraining orders be DENIED.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 29, 2022**          /s/ *Sheila K. Oberto*
                                       UNITED STATES MAGISTRATE JUDGE

---

[6] Plaintiff must meet all four *Winter* factors before the Court can grant a preliminary injunction or temporary restraining order. Plaintiff must show (1) he is likely to succeed on the merits of his claims, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter*, 555 U.S. 20.

7