UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONTAE JOHAN DUNCAN,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA HEALTHCARE RECEIVERSHIP CORP., et al.,<br><br>Defendants. | Case No. 1:20-cv-01288-AWI-SKO (PC)<br><br>**ORDER REGARDING PLAINTIFF'S JULY 25, 2022 AND NOVEMBER 22, 2022 FILINGS**<br><br>(Docs. 63 & 67) |

**I.      RELEVANT PROCEDURAL BACKGROUND**

Plaintiff initiated this action with the filing of his original complaint on September 10, 2020. (Doc. 1.) Plaintiff named the California Health Care Receivership Corp., C. Phifer, Dr. T. Taylor, Dr. Graywall, LCSW J. Marciel, LCSW Taylor, Dr. Rubish, Dr. W. Gerdewal, Nurse Rodriguez, and several John and Jane Does as defendants. (*Id*. at 1-4.) Plaintiff identified Kern Valley State Prison in Delano as the institution and city where the violations allegedly occurred. (*Id*. at 1.)

In its First Screening Order issued June 14, 2021, the Court found Plaintiff's complaint violated Rule 8 of the Federal Rules of Civil Procedure because it was "replete with arguments, conclusory statements, vague assertions, and unnecessary background." (Doc. 27 at 3.) Plaintiff was cautioned that should he choose to file an amended complaint, he was to "make it as concise

as possible" and was to "avoid argumentation, conclusory statements, vague assertions, and unnecessary background – he should instead provide only *facts*." (*Id.* at 4.) Plaintiff was further advised the Court was unable to determine whether his three claims for inadequate medical care, denial of access to the courts, and retaliation were related for purposes of Rule 20. (*Id.*) Plaintiff was reminded he may not bring those claims in one lawsuit "*unless* they arise out of the same occurrence, transaction, or series of transactions or occurrences, and there is a common question of law or fact." (*Id.*) After providing Plaintiff with the legal standards relating to his claims (*id.* at 4-7), Plaintiff was afforded the opportunity to file a first amended complaint curing the deficiencies identified; he was to do so within 21 days (*id.* at 7).

On July 20, 2021, the undersigned issued an Order to Show Cause (OSC) why the action should not be dismissed for Plaintiff's failure to obey a court order. (Doc. 34.) Plaintiff responded on July 30, 2021, indicating his "alarming shock and total fear" upon receipt of the OSC, and contending he did not receive the Court's screening order. (Doc. 35.) On August 2, 2021, the OSC was discharged, and Plaintiff was granted an extension of time to file a first amended complaint; Plaintiff was also re-served with the screening order. (Doc. 36.)

On August 23, 2021, Plaintiff filed a first amended complaint. (Doc. 41.) Plaintiff named as defendants California Healthcare Receivership Corp., KVSP Warden P. Phifer, Supervising Psychologist T. Taylor, Psychologist Graywall, LCSW J. Marciel, Psychologist Rubbish, LCSW Taylor, Psychologist W. Gerderal (or Gerdano), Psychologist Jane Doe #1, and Psychologist Jane Doe #2. (Doc. 41 at 1-2, 4.) Under the heading "IV. Causes of Action," Plaintiff attempted to incorporate his original complaint. (*Id.* at 5, 10.) Plaintiff then set forth numbered paragraphs in support of Claim 1 (*id.* at 5-10) and Claim 2 (*id.* at 10-11).

On March 15, 2022, the undersigned issued an Order Granting Plaintiff Leave to File a Second Amended Complaint, finding Plaintiff's first amended complaint did not comply with the Court's previous screening order. (Doc. 46.) Plaintiff was afforded 30 days within which to file a second amended complaint. (Id. at 4.)

On May 4, 2022, Plaintiff filed his second amended complaint. (Doc. 52.) Plaintiff named the California Healthcare Receivership Corp., as well as P. Phiffer, T. Taylor, G. Graywall, Dr.

Rubbish, LCSW Taylor, Psychologist W. Gerderal, J. Marciel, Psychologist Jane Doe #1 and Psychologist Jane Doe #2, all employed at Kern Valley State Prison, as defendants. (*Id*. 1-4.)

On July 25, 2022, Plaintiff filed a document titled "… Leave Request to Reponsed an Amended Chance Complaint [if] Difficult Vision to Already One Filed [Amended #2] Before Dismissal Even Consider Chance By …." (Doc. 63.)

On November 22, 2022, Plaintiff filed a document titled "Motion: Change of Address and Requesting T.R.O for New Arisen Injury, Request to Amend Complaint Add New Defendants at a Later Date, Request Motion this of Court …." (Doc. 67.)

## II.     DISCUSSION

### A.  Applicable Legal Standards

Leave to amend a pleading "is entrusted to the sound discretion of the trial court." *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996). Further, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In exercising its "discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities. . . Accordingly, Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (internal quotation marks & citations omitted). "But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citations omitted).

### B.  Plaintiff July 25, 2022 Motion to Amend (Doc. 63)

In his July 25, 2022 filing, docketed as a "Motion to Amend Complaint," Plaintiff acknowledges a need to "articulate and arrange connect all material elements to have plaintiff's complaint viewed as they are yet how these events must be conveyed were the court and defendants have a fair judge and response." (Doc. 63 at 1-2.) Plaintiff notes he finds it difficult to "connect [the facts] to what actually happen and to have what happen felt and viewed exactly the way" he intended. (*Id*. at 2.) He contends the "the way things happen there is no concise way or just two or six words to summarize" the injury he suffered when his rights were violated. (*Id*. at

3

3.) Plaintiff contends federal procedure "leaves no space (at all) to argue even a little conclusion and its hard on [him] to connect without concluding," but Plaintiff states he is "trying" and will continue to try "over and over again" for an "understanding view." (*Id*.)

Even liberally construed, Plaintiff's filing cannot be construed as a motion for leave to file a third amended complaint. The filing does not seek to make any changes to the claims asserted in Plaintiff's second amended complaint, nor does it reference any additional defendants, or even specific transactions or occurrences. Rather, Plaintiff's filing is interpreted to be an explanation regarding his previous attempts to file an amended complaint. As a result, Plaintiff's July 25, 2022 filing will be DENIED as moot.

**C.  Plaintiff's November 22, 2022 Motion to Amend (Doc. 67)**

Plaintiff's November 22, 2022 filing is somewhat difficult to decipher. (*See* Doc. 67.) As best the Court can glean, Plaintiff seeks leave to amend his complaint to assert a "new injury" following an assault by "SVSP staff." (*Id*. at 2.) Plaintiff asserts "SVSP custody staff" have also taken actions to extend his parole release date. (*Id*.) He states he wants "a chance to amend complaint to include custody as court granted [him] in 2nd amended complaint but [he] refused because of difficulty with COV-19." (*Id*.) Plaintiff states when he paroles he will "be safer to litigate, plus [he] can get a lawyer because this issue is getting out of [his] level of mental health especial with [his] property now stored …." (*Id*.) Plaintiff asserts "some of [his] property was stolen when ad-seg assigned and [he] was transferred to ad-seg and prison where there is no law library, phone calls are button pushed every time [he tries] to call its cut off by staff and confidential inmate informants target [him] [at the California Men's Colony] just like the inmate who attacked [him] at SVSP on yard." (*Id*. at 2-3.) Plaintiff asks the Court to allow him "to amend complaint after release on parole" when he can "better litigate this case." (*Id*. at 3.) Plaintiff states he will "parole from [CMC] on 1.3.2023." (*Id*.) He plans "on adding KVSP, SATF, COR, SVSP and CMC custody to civil complaint" when his property is returned. (*Id*.) Plaintiff states CMC is "not accommodating [his] legal privileges" and purposefully separating him from his property "to torture [him] so close to" his parole release. (*Id*. at 3-4.)

//

4

As noted above, Plaintiff's operative second amended complaint concerns violations occurring at Kern Valley State Prison (KVSP) and names defendants employed at KVSP. It appears Plaintiff now seeks leave to amend his complaint to add both new claims and new defendants arising from different transactions or occurrences at three or four facilities other than KVSP. However, Plaintiff was cautioned in this Court's First Screening Order that "'unrelated claims against different defendants belong in separate lawsuits.' *Owens*, 635 F.3d at 952. The Court cautions Plaintiff that … he may not raise unrelated claims against multiple defendants in this one lawsuit. *See* Fed. R. Civ. P. 20(a)(2)." (*See* Doc. 27 at 4.) In other words, if Plaintiff wishes to bring new claims against new defendants at a facility other than KVSP, he must do so in a separate lawsuit. For example, if Plaintiff wishes to bring claims of retaliation against custody staff at SVSP, he should file a separate suit against those SVSP defendants involved in retaliatory conduct. Likewise, if Plaintiff wishes to bring deprivation of property claims against CMC staff, he should file a separate lawsuit against those CMC defendants involved in the deprivation of his property.

Rule 20 of the Federal Rules of Civil Procedure provides a plaintiff may not join unrelated claims against multiple defendants in a single action. A plaintiff may bring claims against more than one defendant only if (1) the claims arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there is a question of law or fact common to all defendants. *See Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). In his second amended complaint, Plaintiff names numerous mental health care providers at KVSP. Claims against mental health care providers employed at KVSP are unrelated to retaliation claims against staff employed at SVSP and are also unrelated to deprivation of property claims against staff employed at CMC. Neither would those claims against SVSP and/or CMC defendants involve a question of law or fact common to all defendants because Plaintiff's current lawsuit involves KVSP defendants and health care related claims.

In sum, Plaintiff's request will be denied because he seeks to leave to amend his complaint to add both new claims and new defendants. Granting Plaintiff such leave would violate Rule 20 as the new claims do not arise out of the same transaction, occurrence, or series of

Case 1:20-cv-01288-AWI-SKO   Document 69   Filed 11/30/22   Page 6 of 6

transactions or occurrences. Nor do the new claims Plaintiff seeks to add involve a question of law or fact common to all defendants. Plaintiff's belief that his constitutional rights continue to be violated as he is transferred from one prison facility to another prison facility does not equate to a series of related transactions or occurrences allowing for a single lawsuit with multiple defendants.

The actions of which Plaintiff now complains are separate and unrelated to his original claims and should be brought in a separate lawsuit or lawsuits. Plaintiff's purported new claims could not proceed in the same action since they involve distinct sets of defendants, separate factual events, and appear to be based on events that have occurred at different facilities.

### III.   CONCLUSION AND ORDER

For the reasons given above, IT IS HEREBY ORDERED that:

1. Plaintiff's July 25, 2022 filing (Doc. 63) is DENIED as MOOT; and
2. Plaintiff's November 22, 2022 motion to amend (Doc. 67) is DENIED.

Plaintiff's second amended complaint will be screened in due course.

IT IS SO ORDERED.

Dated:   **November 29, 2022**              /s/ *Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE

6