UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONTAE JOHAN DUNCAN,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA HEALTHCARE RECEIVERSHIP CORP., et al.,<br><br>    Defendants. | No. 1:20-cv-01288-ADA-SKO (PC)<br><br>**ORDER REGARDING PLAINTIFF'S "MOTION TO COMPEL" FILED FEBRUARY 8, 2023**<br><br>(Doc. 73) |

Plaintiff Diontae Johan Duncan is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action.

**I.    INTRODUCTION**

On February 8, 2023, Plaintiff filed a document titled "…'Motion to Compel' Court. Please Adopt. Fully. For the Record. New Arising Injury. High future [illegible] Deliberately …." (Doc. 73 [quotation, punctuation marks & emphasis in original].)

As to the discernable portions of the filing, Plaintiff contends he is "in a procedural and Jurisdictional (cross up) and crisis yet still the same Cruel and Unusual, Due process, Deleberath Indifferent Retaliation Harassment M.O. Motive perverted Intent as in prison but here at CHCF." (Doc. 73 at 1.) Plaintiff alleges "custody" has followed him to CHCF and is interfering with his mental health "and legal protected privilege." (*Id.* at 2.) He asserts his legal property is being held

improperly "for perverted Evil institution." (*Id.*) Plaintiff contends "custody is now Here doing mental health same way they did [his] mental health E.O.P." (*Id.*) He asserts that he is "Flagged" and that no matter where he goes within the California Department of Corrections and Rehabilitation "cross jurisdiction with custody deliberately violating [his] protected due process rights and interfere with medical for personal evil reckless to annoy …." (*Id.*) Plaintiff states the interference happened "at KVSP to SATF to [illegible] to SVSP to CMC now to a mental DSH facility." (*Id.*) Plaintiff asserts "transedental jurisdiction with CDCR giant [illegible] its same M.O. corrupt deliberate for perverted. Reckless Evil Intents Torture and Harassment please Adopt this new finding at CHCR now …" (*Id.*)

## II.     DISCUSSION AND ORDER

Plaintiff's "Motion to Compel" essentially seeks the same injunctive relief Plaintiff has repeatedly and unsuccessfully sought in this proceeding. This Court has considered and denied *eleven* such motions. (*See* Docs.3, 15, 21, 22, 24, 26, 28, 30, 33, 42, 43, 47, 56, 57, 59, 61, 62, 64, 68, 70 & 71.) As Plaintiff was recently warned in the Findings and Recommendations issued November 30, 2022, if "**Plaintiff continues to file motions for temporary restraining orders that do not establish this Court's jurisdiction and/or do not demonstrate the *Winter* factors have been met, the undersigned will recommend dismissal of this action for Plaintiff's failure to obey court orders**." (Doc. 68 at 7, emphasis in original.)

The Court has repeatedly explained the reasons injunctive relief has been denied. Plaintiff's instant filing neither establishes this Court's jurisdiction nor does it establish the required *Winter*[1] factors. Neither "cross up" nor "transedental" are terms that provide this Court with personal jurisdiction over defendants who have not yet been served with process. Nor has Plaintiff addressed the likelihood of his success on the merits of his claims, the likelihood of his suffering irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest— the *Winter* factors—as he has been repeatedly advised he must do.

//

---

[1] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

2

Notwithstanding the foregoing, because the Court recently issued Findings and Recommendations to Dismiss Certain Claims and Defendants regarding Plaintiff's second amended complaint (*see* Doc. 75), this Court will not recommend dismissal of this action *at this time*. In the most recent recommendations on Plaintiff's second amended complaint, the Court found Plaintiff has stated plausible Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Marciel, Graywall, Taylor, Gerderal and Jane Does #1 and #2 and recommended this action proceed on those claims only. (*Id*. at 15-16.) If the Findings and Recommendations are adopted by District Judge Ana de Alba, the Court will issue an order directing that Plaintiff's second amended complaint be served upon Defendants Marciel, Graywall, Taylor, Gerderal and Jane Does #1 and #2, and the case will proceed accordingly.

The Court warns Plaintiff—**one final time—**that should Plaintiff file another motion or request seeking injunctive relief, regardless of its title (*e.g*., like the instant "Motion to Compel"), that neither establishes personal jurisdiction nor addresses the required *Winter* factors, the Court *will* recommend this action be dismissed for Plaintiff's failure to obey court orders.

IT IS SO ORDERED.

Dated:   **April 13, 2023**                         /s/ *Sheila K. Oberto*
                                                                 UNITED STATES MAGISTRATE JUDGE