UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONTAE JOHAN DUNCAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA HEALTHCARE RECEIVERSHIP CORP., et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-01288-ADA-SKO (PC)<br><br>**ORDER DENYING MOTION FOR EARLY SETTLEMENT CONFERENCE**<br><br>(Doc. 78) |

**I.　　RELEVANT PROCEDURAL BACKGROUND**

Plaintiff Diontae Johan Duncan filed his second amended complaint on May 4, 2022. (Doc. 52.)

On April 13, 2023, the Court issued Findings and Recommendations, recommending the action proceed only on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Marciel, Graywall, Taylor, Gerderal and Jane Does #1 and #2. (Doc. 75.) The Court further recommended the remaining claims in Plaintiff's second amended complaint be dismissed and that Defendants California Healthcare Receivership Corp., Warden P. Phiffer and Psychologist Rubbish be dismissed from the action. (*Id*. at 15-16.) Plaintiff was advised any written objections were to be filed within 14 days of the date of service of the order. (*Id*. at 16.)

On April 21, 2023, Plaintiff filed his objections to the findings and recommendations. (Doc. 77.)

On May 25, 2023, Plaintiff filed a document titled "Motion: Comprehensively Requesting Seeking by Pro Se Prisoner Early SettlemConf (SO) ADR Resolution Meet based on ADR Local Rule 3-5(b) or thereof." (Doc. 78.)

## II.     DISCUSSION

Plaintiff's May 25, 2023 filing seeks an order of this Court directing the parties to participate in a settlement conference. (Doc. 78.) He seeks a "quick speedy resolution and settlement." (*Id*. at 3.) Plaintiff contends his claims are supported by "Retrivable [sic] CDCR Medical or Custody Record or very clear circumstantial inference," followed by a brief discussion of those claims. (*Id*. at 3-5.) Plaintiff states he hopes his request is "not premature, if so could court 'adopt in full' untill [sic] able to process this request. This request is by me forever standing as part of my moving party mission to settle this dispute and move on." (*Id*. at 6.)

The Court finds a settlement conference at this stage of the proceedings premature. First, as noted above, the Court has issued findings and recommendations regarding Plaintiff's second amended complaint. Those findings, and Plaintiff's objections filed April 21, 2023, remain pending determination by the assigned district judge. This Court is one of the busiest district courts in the nation. The judges in this Court carry heavy caseloads and delays are unavoidable. The findings and recommendations pending before the assigned district judge will be addressed in due course.

Second, until a final determination has been reached concerning the pending findings and recommendations *and* service of process has been effected, the Court will not order an early settlement conference. It is the Court's practice to order parties to an action to participate in an early settlement conference once defendants have filed an answer to the operative complaint and where all parties are willing to participate in such a proceeding. Here, service of Plaintiff's second amended complaint has not yet been ordered because the findings and recommendations are not final. Assuming the assigned district judge elects to adopt the findings in full, only then will the Court order service of the operative complaint. And only after service has been completed and

answers have been filed by defendants, will the Court issue an order referring the action for an early settlement conference should all parties to the action indicate a willingness to participate.

### III.   CONCLUSION AND ORDER

For the reasons give above**, IT IS HEREBY ORDERED** that Plaintiff's motion or request for a settlement conference (Doc. 78) is **DENIED**.

IT IS SO ORDERED.

Dated:   **May 30, 2023**                              /s/ *Sheila K. Oberto*
                                                       UNITED STATES MAGISTRATE JUDGE