1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9             EASTERN DISTRICT OF CALIFORNIA

10

11   DIONTAE JOHAN DUNCAN,              Case No. 1:20-cv-01288-ADA-SKO (PC)

12             Plaintiff,              **ORDER DENYING PLAINTIFF'S MOTION FOR ALTERNATIVE DISPUTE RESOLUTION OR CASE MANAGEMENT CONFERENCE**

13        v.

14   CALIFORNIA HEALTHCARE
     RECEIVERSHIP CORP., et al.,        (Doc. 83)
15
             Defendants.
16

17

18        Plaintiff Diontae Johan Duncan is proceeding *pro se* and *in forma pauperis* in this civil

19   rights action brought pursuant to 42 U.S.C. § 1983. This action proceeds on Eighth Amendment

20   deliberate indifference to serious medical needs claims against Defendants Marciel, Graywall,

21   Taylor, Gerderal and Jane Does #1 and #2, as asserted in Plaintiff's second amended complaint.

22        **I.      INTRODUCTION**

23        Following screening, this Court issued its Order Finding Service Appropriate on June 6,

24   2023. (Doc. 81.) Service of Defendants Marciel, Graywall, Taylor, and Gerderal is to be effected

25   under the Court's e-service pilot program. (*Id*. at 2.) The order includes deadlines for certain

26   benchmarks concerning the service process. (*Id*. at 2-4.)

27        On July 11, 2023, Plaintiff filed a document titled "Motion: Seeking Order and/or

28   Instructions preparing 'initial' Case Management Conference and/or ADR Deadlines and/or Case

1 Management Conference Dates." (Doc. 83.)

2        **II.       DISCUSSION**

3        In his motion, Plaintiff states he has "over 600 pages of medical and custody documents,

4 evidence and reports" relative to the parties' obligation to meet and confer. (Doc. 83 at 1-2.)

5 Plaintiff understands certain deadlines are applicable before a case management conference is

6 held in this matter. (*Id*.) Plaintiff sets forth his understanding of the deadlines associated with the

7 Court's service order. (*Id*. at 2.) Plaintiff asserts he "is still under injury" and is "contemplating

8 [temporary] restraining orders." (*Id*.) He states he has filed a "habeas petition in San [Joaquin]

9 Stockton State Court." (*Id*.) Plaintiff appears to assert his petition involves "multiple ineffective

10 administrative and face to face requests" related to "this case dynamics." (*Id*.) He states he is "just

11 updating" the Court concerning his request. (*Id*. at 2.) Plaintiff asserts he is "vexed by Restraint of

12 Liberty, property and Freedom as so a pro se [prisoner] etc. etc. experience should regulate and

13 template standing choices, decisions and pursuits of happiness and universal declare of Human

14 Rights with or without course of legal Mediation so necessitate." (*Id*. at 3.)

15        Plaintiff is advised initial disclosures are not applicable in this action. *See* Fed. R. Civ. P.

16 26(A)(1)(B)(iv) ("an action brought without an attorney by a person in the custody of … a state"

17 is exempt). Nor will this action be set for a case management conference. Plaintiff was served

18 with the Court's First Informational Order in Prisoner/Civil Detainee Civil Rights Case on

19 September 14, 2020. (Doc. 5.) That order provides information relevant to litigation and

20 discovery in prisoner civil rights cases. Because no defendant has appeared in this action, and

21 service of process is ongoing, discovery is premature at this stage of the proceedings.

22        Plaintiff is further advised that once defendants have appeared in the action, the Court will

23 issue an order directing the parties to consider early alternative dispute resolution (ADR). If both

24 parties agree to participate in ADR, the Court will set a settlement conference date. Participation

25 in early ADR is voluntary. If any party does not wish to participate, early ADR proceedings will

26 not occur. The Court will issue its discovery and scheduling order in due course—either after

27 ADR proceedings occur or after it has been determined ADR proceedings will not occur in this

28 action. The Court notes Plaintiff has been similarly advised concerning an early settlement

conference. (*See* Doc. 79 at 2 ["It is the Court's practice to order parties to an action to participate in an early settlement conference once defendants have filed an answer to the operative complaint and where all parties are willing to participate in such a proceeding"].)

To the extent Plaintiff indicates the possibility of filing another motion for temporary restraining order ("contemplating [temporary] restraining orders"), Plaintiff is reminded of this Court's previous warning. In its Findings and Recommendations of November 30, 2022, the Court stated:

> As noted above, Plaintiff has now filed eleven motions for temporary restraining orders with this Court. Plaintiff has been advised of reasons for the denial of each motion he has filed. Despite those advisements—and particularly those involving this Court's jurisdiction—Plaintiff continues to file motions contrary to the applicable law.
>
> This Court is one of the busiest district courts in the nation. Plaintiff's continued filing of repetitive, unjustified motions with the Court, causes further delay in this proceeding and the waste of judicial resources. Plaintiff is again reminded that motions for temporary restraining orders sought against parties who are not named in Plaintiff's operative complaint will not be granted because this Court lacks jurisdiction. Plaintiff is cautioned that any further motions for temporary restraining order filed prior to this Court's screening of his second amended complaint will be summarily denied. Until Plaintiff can show both proper jurisdiction and a demonstration that all four *Winter* factors have been met, Plaintiff is not entitled to the injunctive relief he seeks. [Fn. Omitted.] In the event Plaintiff continues to file motions for temporary restraining orders that do not establish this Court's jurisdiction and/or do not demonstrate the *Winter* factors have been met, the undersigned will recommend dismissal of this action for Plaintiff's failure to obey court orders.

(Doc. 68 at 6-7.) Plaintiff's second amended complaint has been screened and service of defendants is underway. Plaintiff is no longer housed at Kern Valley State Prison (KVSP), the institution at which defendants are employed and where Plaintiff's claims arose, and is instead housed at the California Health Care Facility (CHCF), This Court, however, lacks jurisdiction over any individual at CHCF.

Plaintiff has been repeatedly advised the Court cannot and will not grant injunctive relief with regard to non-parties. Here, prison officials at CHCF are non-parties because they were not named in Plaintiff's second amended complaint involving KVSP officials. Plaintiff is informed that should he file another motion for temporary restraining order where jurisdiction is lacking, the

Court may recommend that this action be dismissed for a failure to obey court orders, as he has been repeatedly advised that this Court lacks jurisdiction over parties not named in the operative complaint.

Finally, Plaintiff is advised that only after defendants have been served *and* have filed an answer to the operative complaint will the Court issue an order involving deadlines pertaining to either ADR proceedings or discovery. Plaintiff should not file any further motions concerning either ADR proceedings or discovery as both are premature.

### III.    CONCLUSION AND ORDER

For the reasons set forth above, Plaintiff's motion filed July 11, 2023 (Doc. 83) is **DENIED**.

IT IS SO ORDERED.

Dated:   **July 12, 2023**                    /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE