UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONTAE JOHAN DUNCAN,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA HEALTHCARE RECEIVERSHIP CORP., et al.,<br><br>Defendants. | Case No. 1:20-cv-01288-ADA-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY DEFENDANTS GRAYWALL AND GERDERAL SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECT SERVICE**<br><br>**21-DAY DEADLINE** |

Plaintiff Diontae Johan Duncan is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds on Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Marciel, Graywall, Taylor, Gerderal and Jane Does #1 and #2, as alleged in Plaintiff's second amended complaint.

**I.    BACKGROUND**

Following screening, this Court issued its Order Finding Service Appropriate on June 6, 2023. (Doc. 81.) Service of Defendants Marciel, Graywall, Taylor, and Gerderal was to be effected under the Court's e-service pilot program. (*Id*. at 2.) The Order included the following information regarding Defendants Graywall and Gerderal: "G. Graywall, allegedly employed as a psychologist at Kern Valley State Prison between 2017 and 2020" and "W. Gerderal III, allegedly

employed as a senior crisis psychologist at Kern Valley State Prison between 2017 and 2020." (*Id*.)

On July 20, 2023,[1] the Court received a notice of intent not to waive personal service as to Defendants Graywall and Gerderal as neither could be identified based upon the information provided. (Doc. 88.) On July 25, 2023, the United States Marshal advised the Court that service could not be effected on Defendants Graywall and Gerderal because neither individual was employed or had been assigned to work at Kern Valley State Prison ("KVSP"). (Doc. 89.)

## II.   DISCUSSION

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of

---

[1] Also on July 20, 2023, the Court received a notice of intent to waive personal service for Defendants J. Marciel and T. Taylor. (Doc. 87.) Accordingly, the Court anticipates waivers as to these Defendants will be filed in due course.

the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

Here, the United States Marshal has attempted to serve Defendants Graywall and Gerderal. The Marshal was advised that neither Graywall nor Gerderal was employed, or had been employed, at KVSP. Therefore, Plaintiff has failed to provide the Marshal with accurate and sufficient information to effect service of the summons and Plaintiff's second amended complaint on Defendants Graywall and Gerderal. *Walker*, 14 F.3d at 1421-22. If Plaintiff is unable to provide the United States Marshal with the necessary information to locate these individuals, Defendants Graywall and Gerderal shall be dismissed from this action, without prejudice, pursuant to Rule 4 of the Federal Rules of Civil Procedure.

Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendants Graywall and Gerderal should not be dismissed from the action at this time. Plaintiff may respond to this order by providing additional information that will assist the United States Marshal in locating Defendants Graywall and Gerderal for service of process.

### III.  ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. **Within thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendants Graywall and Gerderal should not be dismissed from this action; and
2. **The failure to respond to this order or the failure to show cause will result in the dismissal of any unidentified defendant from this action, due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).**

IT IS SO ORDERED.

Dated:  **August 4, 2023**          /s/ *Sheila K. Oberto*
                                      UNITED STATES MAGISTRATE JUDGE

3