UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONTAE JOHAN DUNCAN,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA HEALTHCARE RECEIVERSHIP CORP., et al.,<br><br>    Defendants. | Case No. 1:20-cv-01288-ADA-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT CONCERNING DEFENDANTS MARCIEL AND TAYLOR**<br><br>(Doc. 95) |

Plaintiff Diontae Johan Duncan is proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.     RELEVANT BACKGROUND**

On June 6, 2023, this Court issued its Order Finding Service Appropriate. (Doc. 81.) Defendants Marciel, Graywall, Taylor and Gerderal III[1] were to be served pursuant to the Court's e-service pilot program. (*Id*. at 1-2.)

On July 18, 2023, the California Department of Corrections and Rehabilitation ("CDCR") sought a 14-day extension of time within which to submit a notice of e-service waiver. (Doc. 85.) The Court granted the request on July 20, 2023, directing CDCR to file its notice within 14 days

---

[1] Service efforts continue regarding the individuals sued as "G. Graywall" and "W. Gerderal III." Plaintiff provided additional information, including corrections to the spelling of these individuals' full and/or surnames.

of the date of the order. (Doc. 86.) That same date, CDCR filed its notice of intent to waive service concerning Defendants Marciel and Taylor. (Doc. 87.)

On August 21, 2023, the waiver of service was returned executed as to Defendants Marciel and Taylor. (Doc. 94.)

On August 30, 2023, Plaintiff filed a document titled "Motion of: so received Attorney General wave hand of summons services. More. Seeking. Requesting. Entry of deflt start begin. Answer for waived Defendants J. Marciel & T. Taylor. Passed. Due. Even So. Fed. R. Civ. Rule 12." (Doc. 95.)

## II.     DISCUSSION

Plaintiff seeks an entry of default as to Defendants Marciel and Taylor. (Doc. 95.) He contends that Marciel and Taylor did not file an answer by July 20, 2023, and he is entitled to an entry of default. (*Id*. at 1-2.) As discussed below, Plaintiff is not entitled to an entry of default.

As set forth in the Court's June 2023 service order, the CDCR had forty days within which to file a "CDCR Notice of E-Service Waiver" advising whether any defendant intended to waive service of process without the need for personal service by the United States Marshal. (*See* Doc. 81 at 2.) Following a brief extension of time, the CDCR timely complied by filing its notice on July 20, 2023, indicating Defendants Marciel and Taylor intended to waive service of process. (*See* Doc. 87 [Docket entry: "Notice of Intent to Waive Service by defendant(s) J. Marciel and T. Taylor, AG Waiver of Service due in 30 days"].)

As set forth in the Court's June 2023 service order, the Attorney General's Office had thirty days within which to file a Notice of E-Service Waiver for any defendant who waived service pursuant to Rule 4(d)(1) of the Federal Rules of Civil Procedure. (Doc. 81 at 3.) The Attorney General's Office timely complied by filing its notice on August 21, 2023. (*See* Doc. 94 [Docket entry: "Waiver of Service Returned Executed: Waiver sent to J. Marciel on 7/20/2023, Answer due 9/18/2023; T. Taylor on 7/20/23, Answer due 9/18/2023"].) As set forth on the Waiver of Service of Summons form, counsel for Defendants Marciel and Taylor has "60 days after 7/20/2023" within which to file "an answer or a motion under Rule 12." (*Id*.)

2

Plaintiff's confusion appears to lie in the difference between the filing of a notice by CDCR that Defendants Marciel and Taylor *intended* to waive versus the filing of the waiver of service by the Attorney General's Office on July 20, 2023. The latter filing starts the applicable sixty-day clock. (*See* Doc. 81 at 3 ["A defendant who timely waives service need not serve an answer to the second amended complaint until 60 days after the request for waiver was sent"].) In other words, the sixty days starts with the filing by the Attorney General's Office, not the earlier filing by the CDCR. Sixty days from July 20, 2023 is Monday, September 18, 2023. Therefore, a responsive pleading filed on behalf of Defendants Marciel and Taylor is not due until September 18, 2023. Neither defendant is in default and Plaintiff is not entitled to an entry of default.

### III. CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's request for entry of default as to Defendants Marciel and Taylor (Doc. 95) is **DENIED**.

IT IS SO ORDERED.

Dated:   **September 1, 2023**          /s/ *Sheila K. Oberto*
                                                               UNITED STATES MAGISTRATE JUDGE