UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONTAE JOHAN DUNCAN,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA HEALTHCARE RECEIVERSHIP CORP., et al.,<br><br>Defendants. | Case No. 1:20-cv-01288-ADA-SKO (PC)<br><br>**ORDER GRANTING STAY OF RESPONSIVE PLEADING DEADLINE AS TO DEFENDANTS MARCIEL, GALLIENNE III AND GREWAL**<br><br>(Doc. 102)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AN ANSWER FROM DEFENDANTS**<br><br>(Doc. 103) |

Plaintiff Diontae Johan Duncan is proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.      RELEVANT BACKGROUND**

On June 6, 2023, this Court issued its Order Finding Service Proper. (Doc. 81.)

On July 18, 2023, the California Department of Corrections and Rehabilitation ("CDCR") sought a 14-day extension of time within which to submit a notice of e-service waiver. (Doc. 85.) The Court granted the request on July 20, 2023, directing CDCR to file its notice within 14 days of the date of the order. (Doc. 86.) That same date, CDCR filed its notice of intent to waive service concerning Defendants Marciel and Taylor (Doc. 87), and the Waiver of Service of

1  Summons as to Marciel and Taylor was filed on August 21, 2023. (Doc. 94.)

2  On September 12, 2023, the CDCR filed its notice of intent to waive service concerning Gallienne III and Grewal (Doc. 97), and the Waiver of Service of Summons was filed October 10, 2023 (Doc. 100).

On September 18, 2023, this Court issued its Order Granting Extension of Time Within Which to File Responsive Pleading on Behalf of All Defendants. (Doc. 99.) Defendants Marciel, Taylor, Gallienne III and Grewal were to file a responsive pleading no later than November 17, 2023. (*Id*. at 3.)

On November 15, 2023, Defendant Taylor filed a motion to dismiss (Doc. 101), and Defendants Marciel, Gallienne III and Grewal filed a motion to stay the responsive pleading deadline (Doc. 102).

On November 17, 2023, Plaintiff filed a document titled "Motion [Compelling] defendants to provide an answer to said complaint [illegible] due by 11.17.2023 per Court calendar." (Doc. 103.)

**II.    DISCUSSION**

**Defendants' Motion to Stay Responsive Pleading Deadline (Doc. 102)**

Defendants Marciel, Gallienne III and Grewal seek a stay of the November 17, 2023, responsive pleading deadline until the Court issues its ruling on Defendant Taylor's motion to dismiss. (Doc. 102.) These defendants contend that staying their responsive pleading deadline will protect their interests by avoiding the possibility of default on uncontested allegations and will promote judicial economy by avoiding the need for duplicative pleadings. (*Id*. at 4.) Defendants asserts that in the event the Court grants Defendant Taylor's motion to dismiss, and allows Plaintiff to file an amended complaint, "the Court will screen the amended complaint, order service, and set a new responsive pleading deadline, thereby mooting any previously filed responsive pleading by Defendants Marciel, Gallienne III, and Grewal." (*Id*.) Should Defendant Taylor's motion to dismiss be denied, Defendants would be required to file a single answer to the operative second amended complaint. (*Id*.)

//

**Plaintiff's Motion to Compel An Answer by Defendants (Doc. 103)**

Plaintiff contends he "has had his special legal mail privileges delayed and denied by defendants and [their] non defendant co-conspirators known only as custody staff who picks up and passes out the legal mail as [mediator] entity." (Doc. 103 at 1.) Plaintiff states that although he is not seeking a temporary restraining order, he is "still being intimidated and harassed with the intent and motive of a 'chill' by threatening not tot provide [him] with <u>certain</u> legal mail." (*Id*. at 2, emphasis in original.) Plaintiff contends "custody staff and friends of defendants including law privy inmate confidential informants" calculate "certain benchmark" deadlines in order to "delay sabotage or interfere" with this action and to keep him "from meeting crucial pivotal response dates to be unprepared and <u>chilled</u>." (*Id*., emphasis in original.) Plaintiff states he has not received an answer from defense counsel, but he has received "all other waivers." (*Id*.) He asserts he has complete faith in the Court and defendants' attorney but has not received to the answer to the complaint. (*Id*.) Plaintiff states, "Please have defendants respond." (*Id*.)

**Analysis**

The Court will grant Defendants Marciel, Gallienne III, and Grewal's motion to stay the responsive pleading deadline. The Court agrees that staying the responsive pleading deadline as to Defendants Marciel, Gallienne III and Grewal until the Court issues its ruling on Defendant Taylor's motion to dismiss will promote judicial economy and avoid the need for duplicative pleadings. If Defendant Taylor's motion to dismiss is granted and Plaintiff is directed to file an amended complaint, that amended complaint would require screening by the Court and a new responsive pleading deadline. Should Defendant Taylor's motion to dismiss be denied, all Defendants would be directed to file a single answer to the operative second amended complaint.

The Court will deny Plaintiff's motion seeking to compel an answer by Defendants. As discussed above, there is good cause to stay the responsive pleading deadline in this action as to Defendants Marciel, Gallienne III and Grewal. Defendant Taylor's responsive pleading, a motion to dismiss (Doc. 101), was filed November 15, 2023. Plaintiff's opposition to that motion is due no later than December 6, 2023, plus time for mailing. Once Plaintiff files an opposition, any reply by Defendant Taylor is due 14 days later. Once all related pleadings have been submitted,

the Court will decide the motion in due course. Whether the motion is granted or denied, Defendants Marciel, Gallienne III and Grewal will be directed to file an answer to the operative amended complaint.

The Court appreciates Plaintiff's concerns about his legal mail. It is clear, however, that Defendant Taylor's responsive pleading—the motion to dismiss—was timely filed on November 15, 2023, and the remaining Defendants sought a stay of their responsive pleading deadline on that same date (Docs. 101 & 102),  The motion and the request were also served on that same date, *after* Plaintiff's instant motion signed and dated November 13, 2023. Therefore, no interference or delay can be inferred as to these filings.

### III. CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendants' motion to stay the responsive pleading deadline (Doc. 102) is **GRANTED**. The Court will reset the responsive pleading deadline following resolution of Defendant Taylor's motion to dismiss. Plaintiff's motion to compel an answer (Doc. 103) from the Defendants is also **DENIED**.

IT IS SO ORDERED.

Dated:   **November 27, 2023**          /s/ *Sheila K. Oberto*
                                                                     UNITED STATES MAGISTRATE JUDGE