1
2
3
4
5
6
7

8        UNITED STATES DISTRICT COURT

9        EASTERN DISTRICT OF CALIFORNIA

10

11   DIONTAE JOHAN DUNCAN,                Case No. 1:20-cv-01288-KES-SKO (PC)

12              Plaintiff,                 **FINDINGS AND RECOMMENDATIONS
                                           TO GRANT DEFENDANT TAYLOR'S
13       v.                                MOTION TO DISMISS**

14   CALIFORNIA HEALTHCARE                 (Doc. 101)
     RECEIVERSHIP CORP., et al.,
15                                         **14-DAY OBJECTION PERIOD**
              Defendants.
16

17        Plaintiff Diontae Johan Duncan is proceeding pro se and *in forma pauperis* in this civil

18   rights action brought pursuant to 42 U.S.C. § 1983.

19        **I.      INTRODUCTION**

20        On June 1, 2023, then assigned District Judge Ana de Alba issued an Order Adopting

21   Findings and Recommendations to Dismiss Certain Claims and Defendants from Plaintiff's

22   Second Amended Complaint. (Doc. 80.) The action was ordered to "proceed *only* on the Eighth

23   Amendment deliberate indifference to serious medical needs claims pursuant to 42 U.S.C. § 1983

24   against Defendants Marciel, Graywall, Taylor, Gerderal, and Jane Does #1 and #2 (Claim I) in

25   Plaintiff's second amended complaint," the remaining claims were dismissed, and Defendants

26   California Healthcare Receivership Corp., Warden C. Phifer, and Psychologist Rubish were

27   dismissed. (*Id*. at 3.)

28

1    Following service of process, on November 15, 2023, Defendant Taylor filed a motion to

2    dismiss the claim against him in Plaintiff's second amended complaint. (Doc. 101.) Plaintiff filed

3    an opposition on November 27, 2023 (Doc. 104), and Defendant Taylor filed a reply on

4    December 6, 2023 (Doc. 108).

5    On November 28, 2023, the Court issued its Order Granting Stay of Responsive Pleading

6    Deadline as to Defendants Marciel, Gallienne III[1] and Grewal.[2] (Doc. 106.) The Court stated it

7    would "reset the responsive pleading deadline following resolution of Defendant Taylor's motion

8    to dismiss." (*Id*. at 4.)

9    **II.    THE BRIEFING**

10    ***Defendant Taylor's Motion***

11    Defendant Taylor contends Plaintiff's "sparse allegations" comprising two lines in the

12    second amended complaint are insufficient to give Taylor fair notice of the claim, and Plaintiff

13    fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

14    (*See* Doc. 101-1.) Taylor asserts Plaintiff's allegations that "Taylor 'ignored a suicide cry for

15    help' and 'Plaintiff acted on his poor impulses and swallowed 200 pills and scared [sic] his heart

16    to a 1st degree opt condition,'" can be interpreted multiple ways. (*Id*. at 4) On the one hand, the

17    allegations can be interpreted to mean the "suicide cry for help" and the pill consumption were a

18    single event ignored by Defendant Taylor. (*Id*.) On the other hand, those facts may be describing

19    two separate events—an earlier "cry for help" and a subsequent attempted suicide. (*Id*.) Taylor

20    contends such vague language cannot form the basis of a claim under Rule 8 because it does not

21    put him on notice of his allegedly unlawful conduct. (*Id*.)

22    Taylor also asserts the second amended complaint "is fatally ambiguous as to when these

23    allegations occurred" because Plaintiff did not provide any timeframe regarding the harm Taylor

24    purportedly caused. (*Id*.) Taylor contends Plaintiff's assertion that he was harmed between March

25    17, 2017, and April 1, 2022, amounts to a vague five-year time span that, coupled with the vague

26    allegations, presents unfair obstacles for Taylor's investigation and defense. (*Id*. at 4-5.) Taylor

27    _____

[1] This individual was identified as W. Gerderal III in Plaintiff's second amended complaint.

28    [2] This individual was identified as G. Graywall in Plaintiff's the second amended complaint.

1  states he should not have to guess or speculate as to Plaintiff's allegations against him and

2  requests that the Court grant the motion and dismiss Plaintiff's claim against him without

3  prejudice. (*Id.* at 5.)

4                              ***Plaintiff's Opposition***

5         Plaintiff contends his second amended complaint includes claims against two individuals

6  named Taylor.[3] (Doc. 104 at 2.) One Taylor's actions involved "dropp[ing] Plaintiff to lowest

7  level" of mental health care despite Plaintiff having "just returned from acute DSH CMF

8  Vacaville" "around March 17th." (*Id.*) Plaintiff asserts "(#1) Taylor E.O.P. supervisor[]" was

9  deliberately indifferent. (*Id.*) Plaintiff asserts "Taylor #2 is a LCSW" failed to respond "to serious

10 call of a suicidal ideation" because Plaintiff was psychotic. (*Id.* at 3.) Plaintiff asserts that "after

11 contact" with that individual, he swallowed "2 Reslux Inhalers and unknown seizure pills from

12 cellmate." (*Id.*) "Taylor #2" did not adequately respond to Plaintiff's "actual suicide factual

13 attempt." (*Id.* at 3-4.)

14        Plaintiff states his "other two complaints" involve "2 sets of Taylors." (Doc. 104 at 4.)

15 Plaintiff seeks "oral argument" to clarify the issue of two individuals bearing the same surname.

16 (*Id.* at 4-5.)

17                          ***Defendant Taylor's Reply***

18        Defendant Taylor contends Plaintiff's opposition fails to dispute any of the facts or legal

19 arguments raised in his motion. (Doc. 108 at 2.) Defendant contends Plaintiff's assertions that

20 there are two individuals named Taylor in his second amended complaint bolsters Defendant's

21 motion to dismiss because there is also ambiguity concerning his identity. (*Id.* at 2-3.) Defendants

22 contend that Plaintiff's second amended complaint must be complete in itself without reference to

23 prior complaints. (*Id.* at 3.)

24 //

25 //

26

27 [3] Plaintiff's motion filed December 6, 2023 (Doc. 109), concerning the "Taylor" defendant or defendants, is pending before the assigned district judge.

28

1

### III.   APPLICABLE LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In resolving a 12(b)(6) motion, the Court's review is generally limited to the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030-31 (9th Cir. 2008) (internal quotation marks & citations omitted). Dismissal is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court "accept[s] as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted). In addition, the Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989).

A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (internal quotation marks & citation omitted). This standard is liberally applied to ensure that claims are determined on their merits. *Id.* Pleadings prepared by pro se plaintiffs "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations & citations omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

1   IV.   **DISCUSSION**

2   *The Second Amended Complaint[4]*

3   In his first claim for relief asserting an Eighth Amendment deliberate indifference to

4   serious medical needs claim, Plaintiff states he was dropped to the lowest level of mental health

5   care on March 17, 2017, and from that date through April 1, 2022, he has decompensated and

6   suffered injury. (Doc. 52 at 3.) He contends Defendants Marciel and Grewal were responsible for

7   dropping him to the lowest level of care. (*Id*. at 5.)[5] Plaintiff alleges "LCSW Taylor ignored a

8   suicide cry for help, plaintiff acted on his poor impulse and swallowed 200 pills and scared [sic]

9   his heart to a 1st degree opt condition." (*Id*. at 5.)

10   Regarding his second claim for relief asserting a Fourteenth Amendment due process

11   violation,[6] Plaintiff states "a sign cry for help denied by [Taylor] LCSW plaintiff committed

12   suicide attempt 200 pills on Taylors watch." (Doc. 52 at 6.) Plaintiff also alleges the defendants

13   collectively "conspired lies and covered up records," stating "from 3/[indecipherable]/2017 when

14   T. Taylor and G. Grewal [lowest] care drop upon plaintiffs return from acute mental hospital

15   [illegally] though deliberately for it was done." (*Id*. at 6-7.) Plaintiff states "again and again" he

16   suffered injuries "at different approx. times from 3/17/2017 until 4/1/2022." (*Id*. at 7.)

17   *Analysis*

18   A review of the second amended complaint and Plaintiff's opposition to Defendant

19   Taylor's motion reveals the Eighth Amendment deliberate indifference to serious medical needs

20   claim against Defendant Taylor is insufficiently pled because it violates Rule 8 of the Federal

21   Rules of Civil Procedure.  Liberally construing the complaint, and considering Plaintiff's

22   opposition, the Court finds Plaintiff's allegations against Defendant Taylor lack the specificity

23   required to provide Taylor with fair notice. *Swierkiewicz*, 534 U.S. at 512. It is unclear when

24   Taylor purportedly denied Plaintiff's "suicide call for help" or "sign cry for help."

25   _____

26   [4] Plaintiff's handwritten 8-page complaint is comprised of five pages from a civil rights complaint form and three additional pages.

27   [5] This contradicts Plaintiff's assertion in his opposition that Defendant Taylor alone was the responsible party.

28   [6] This claim was dismissed on June 1, 2023. (*See* Doc. 80 at 2.)

While Plaintiff references March 17, 2017, in Claim I,[7] that is the date Plaintiff asserts Defendants Marciel and Grewal—not Defendant Taylor—"dropped" him to the lowest level of mental health care. *Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976) (plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff); *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) (vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient). That leaves only vague and ambiguous references to a time frame between March 17, 2017, and April 1, 2022. *Iqbal*, 556 U.S. at 678. Also, it is unclear when, or even how long before or after the "cry for help," Plaintiff swallowed 200 pills during a suicide attempt. *Iqbal*, 556 U.S. at 678; *see also Rosen v. Hollywood Show, LLC*, No. 2:18-cv-00215-CAS(Ex), 2018 WL 1684314, at *3 (C.D. Cal. Apr. 4, 2018) ("While plaintiff is not required to allege a precise date or location concerning defendants' alleged [conduct], in order to satisfy Rule 8(a) and provide fair notice of plaintiff's claim to defendants, plaintiff should allege when, generally, the alleged [conduct] took place and where, generally, this alleged infringement occurred").

Plaintiff was advised on more than one occasion that an amended complaint must be complete in itself because it supersedes any earlier version. (*See, e.g.,* Doc. 27 at 8; Doc. 46 at 4; Doc. 49 at 3.) Plaintiff may not simply refer to a previous complaint and his second amended complaint should include all relevant facts even if they were previously asserted in an earlier complaint. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012); *see also* Local Rule 220 ("every pleading to which an amendment … is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading"). Therefore, the Court will not review or consider earlier versions of Plaintiff's claim for the purposes of resolving Defendant Taylor's motion.

In sum, Defendant Taylor's motion to dismiss Plaintiff's second amended complaint should be granted. Plaintiff should be afforded a final opportunity to file a third amended

---

[7] In the facts associated with Claim II (the Fourteenth Amendment claim that has been dismissed), Plaintiff attributes this conduct to Taylor and Grewal.

complaint. Any third amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. *Stated another way, Plaintiff must ensure his third amended complaint includes any and all facts relevant to his claims against Defendant Taylor and all other named defendants.*

Finally, as noted in footnote 3, Plaintiff's motion concerning two defendants named "T. Taylor" will be decided by the assigned district judge. The motion challenges Judge de Alba's June 2023 order adopting the findings and recommendations to dismiss certain claims and defendants. Judge de Alba's order indicates this action proceeds, in part, on a claim asserting a constitutional violation against one individual named T. Taylor, rather than two.

In any third amended complaint, Plaintiff must set forth sufficient facts concerning the conduct of those individuals. The facts alleged in Plaintiff's second amended complaint all appear to relate to the "T. Taylor" employed as a licensed clinical social worker. A review of the second amended complaint revealed no additional facts concerning a "T. Taylor" employed as an "E.O.P. supervisor." Therefore, Plaintiff is cautioned to allege facts plainly and separately, including the relevant dates or approximate dates for the conduct he attributes to any individual named Taylor and to clearly identify the individual Taylor.

## V.       CONCLUSION AND RECOMMENDATIONS

Based upon the foregoing, the Court **RECOMMENDS** that:

1. Defendant Taylor's motion to dismiss (Doc. 101) be **GRANTED**;

2. Plaintiff's second amended complaint be **DISMISSED** with leave to amend;

3. Plaintiff be **DIRECTED** to file a third amended complaint, complete in itself, within 30 days of any order adopting these findings;

4. The stay of the responsive pleading deadline (*see* Doc. 106) be **LIFTED** and that Defendants Marciel, Gallienne III, and Grewal be **DIRECTED** to file a responsive pleading within 60 days of any order adopting these findings, or within 30 days of the filing of the third amended complaint.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these

Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 9, 2024**                                  */s/ Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE