1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                                    EASTERN DISTRICT OF CALIFORNIA

10

11    DIONTAE JOHAN DUNCAN,                        Case No. 1:20-cv-01288-KES-SKO (PC)

12                          Plaintiff,              ORDER DENYING PLAINTIFF'S MOTION
                                                    FOR RECONSIDERATION
13            v.
                                                    Doc. 109
14    CALIFORNIA HEALTHCARE
      RECEIVERSHIP CORP., et al.,
15
                            Defendants.
16

17           Plaintiff Diontae Johan Duncan is proceeding pro se and in forma pauperis in this civil

18    rights action brought pursuant to 42 U.S.C. § 1983.  Plaintiff has filed a motion (Doc. 109) that

19    the court construes as a motion for reconsideration of the court's prior order at Doc. 80 dismissing

20    certain claims and defendants.

21    I.      RELEVANT PROCEDURAL HISTORY

22           On April 13, 2023, the court issued findings and recommendations to dismiss certain

23    claims and defendants from plaintiff's second amended complaint following screening.  Doc. 75.

24    The assigned magistrate judge found, in relevant part:

25                  Plaintiff's second amended complaint names "T. Taylor" in the
                    caption.  (Doc. 52 at 1.)  Subsequently, under the heading "III.
26                  Defendants" in the complaint form, Plaintiff identifies "T. Taylor" as
                    "employed as E.O.P. Supervisor." (*Id*. at 3.)  Later, Plaintiff provides
27                  an additional handwritten page with a heading titled "III.
                    Defendan[t]s continued" wherein he states "Taylor, is employed as
28                  Licensed Clinical Social Worker at KVSP." (*Id*. at 4.)  Nevertheless,

> it is clear from the factual content of the claims asserted there is but one Defendant Taylor.

*Id*. at 5, n.1.  The magistrate judge recommended plaintiff's second amended complaint proceed only on his Eighth Amendment deliberate indifference to serious medical needs claims (Claim I) against defendants Marciel, Graywall,[1] Taylor, Gerderal and Jane Does #1 and #2, that the remaining claims against all named defendants be dismissed, and that defendants California Healthcare Receivership Corp., Warden P. Phiffer, and Psychologist Rubbish be dismissed from the action.  *Id.* at 15-16.

Plaintiff filed objections to the findings and recommendations on April 21, 2023. Doc. 77.  On June 1, 2023, the then-assigned district judge issued an order adopting the findings and recommendations.  Doc. 80.  Noting plaintiff's objections, the court found "Plaintiff appears to request the Court to adopt in full the Magistrate Judge's findings and recommendations and explains how the alleged actions in his complaint impact his wellbeing today."  *Id.* at 2.  The findings and recommendations were adopted in full, the action was ordered to "proceed *only* on the Eighth Amendment deliberate indifference to serious medical needs claims pursuant to 42 U.S.C. § 1983 against defendant[s] Marciel, Graywall, Taylor, Gerderal, and Jane Does #1 and #2 (Claim I) in Plaintiff's second amended complaint," the remaining claims were dismissed, and defendants California Healthcare Receivership Corp., Warden P. Phiffer, and Psychologist Rubbish were dismissed.  *Id.* at 3.

The magistrate judge issued an order finding service appropriate on June 6, 2023. Doc. 81.  Defendants Marciel, Graywall, Taylor and Gerderal III were to be served pursuant to the court's e-service pilot program.  *Id*. at 1-2.  Relevant here, service was to be effected on: "T. Taylor, allegedly employed as a licensed clinical social worker (LCSW) and/or EOP supervisor at Kern Valley State Prison between 2017 and 2020."  *Id*. at 2.

On July 20, 2023, the California Department of Corrections and Rehabilitation ("CDCR") filed its notice of intent to waive service concerning defendants J. Marciel and T. Taylor.

---

[1]  Later, Defendant Graywall's correct surname was identified as "Grewal" and Defendant Gerderal's correct surname was identified as Gallienne III."  *See* Doc. 98.

1  Doc. 87.  Defendant Taylor is specifically identified as "Tristan Taylor, Clinical Social Worker."

2  *Id*.  On August 21, 2023, the waiver of service was returned executed as to those individuals.

3  Doc. 94.

4      On November 15, 2023, defendant Taylor filed a motion to dismiss the claim asserted

5  against him in plaintiff's second amended complaint.  Doc. 101.  Plaintiff filed an opposition to

6  the motion on November 27, 2023 (Doc. 104) and defendant Taylor replied on December 6, 2023

7  (Doc. 108).[2]

8      On December 6, 2023, plaintiff filed a document titled "Motion – Regarding an <u>error</u> done

9  by the court, regarding the identifications of two defendants and the waiver of service of these

10  two defendants," Doc. 109, which the court construes as a motion for reconsideration of the

11  court's order at Doc. 80.  On January 9, 2024, defendants filed an opposition to plaintiff's motion.

12  Doc. 111.  Plaintiff replied to defendants' opposition.  Doc. 113.

13  **II.      DISCUSSION**

14      In his motion, plaintiff contends his second amended complaint includes a "documented

15  account … of (TWO) defendants by the name of T. Taylor."  Doc. 109 at 1, emphasis omitted.

16  He states the first T. Taylor is an "EOP Supervisor and is a psychologist" and the second T.

17  Taylor "is a clinical social worker and his full name is Tristen Taylor CSW."  Plaintiff states "the

18  court appears to have a hard time identifying if there are (two) T. Taylors are [sic] just (one)."  *Id*.

19  at 2.  He "assures the court that there are (two) T. Taylors."  *Id*.  Plaintiff asserts the T. Taylor

20  employed as an EOP Supervisor and Psychologist was involved in the March 2017 events and the

21  T. Taylor employed as a Licensed Clinical Social Worker was involved in the May 2018 events.

22  *Id*.  Plaintiff asserts he "wrote about these two separate T. Taylors actions in [his] opposition to

23  defendant T. Taylor's motion to dismiss [originally] yet upon looking back to record I noticed

24  that the court had trouble [if] there were [one] or [two] T. Taylors."  *Id*. at 3.  He states that "the

25  court further only waived service to [one] T. Taylor and plaintiff is unsure now what T. Taylor

26  was served and waived services."  *Id*.  Plaintiff asserts he "would like to plead against both T.

27

28  [2] The motion to dismiss is pending before the magistrate judge.

1    Taylors." *Id*.  He asks the court to accept "this informational motion to keep up proceedings

2    accordingly as court deems judicial economical" and "feels both defendants T. Taylor" claims

3    should proceed.  *Id*. at 4.

4        In their opposition, defendants contend that "[a]lthough not entirely clear, Plaintiff's

5    Motion appears to seek reconsideration of the court's April 13, 2023 screening order … which

6    found that Plaintiff stated a cognizable Eighth Amendment claim against only one defendant

7    named T. Taylor."  Doc. 111 at 2.  Defendants rely on Federal Rule of Civil Procedure 60(b) in

8    asserting the motion for reconsideration should be denied.  *Id*.  They assert plaintiff has failed to

9    set forth facts or law "of a strongly convincing nature such that the Court should reverse its prior

10   decision."  *Id*. at 3.  Defendants contend plaintiff's only argument is that the court erred when it

11   ordered service of process on only one "T. Taylor."  *Id*.  Defendants note that plaintiff's

12   objections to the court's April 13, 2023, findings and recommendations did not address the

13   "recommendation that only one defendant named T. Taylor be served."  *Id*.  Defendants assert

14   plaintiff's motion should be denied.  *Id*.

15       Plaintiff does not assert a statutory or common law basis for his motion.  Defendants cite

16   to Rule 60(b), but that rule authorizes requests for reconsideration only of "a final judgment,

17   order or proceeding."  Fed. R. Civ. P. 60(b).

18       "A motion for reconsideration should not be granted, absent highly unusual

19   circumstances, unless the district court is presented with newly discovered evidence, committed

20   clear error, or if there is an intervening change in the controlling law," and it "may not be used to

21   raise arguments or present evidence for the first time when they could reasonably have been

22   raised earlier in the litigation."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571

23   F.3d 873, 880 (9th Cir. 2009) (internal quotations marks & citations omitted).  Reconsideration of

24   a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and

25   conservation of judicial resources."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890

26   (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008)

27   (addressing reconsideration under Rule 60(b)).  In seeking reconsideration, the moving party

28   "must demonstrate both injury and circumstances beyond his control."  *Harvest*, 531 F.3d at 749

4

1   (internal quotation marks & citation omitted).

2     Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or

3   different facts or circumstances are claimed to exist which did not exist or were not shown"

4   previously, "what other grounds exist for the motion," and "why the facts or circumstances were

5   not shown" at the time the substance of the order which is objected to was considered.

6     Plaintiff fails to demonstrate any circumstances warranting reconsideration of the court's

7   prior order.  Plaintiff presents neither newly discovered evidence nor an intervening change in the

8   controlling law.  At most, plaintiff presents an argument for the first time that could reasonably

9   have been raised earlier in the litigation.  Plaintiff did not object to the magistrate judge's

10  conclusion that only one individual named T. Taylor was named in his second amended

11  complaint.  Plaintiff's objections to the findings and recommendations made no mention of the

12  alleged discrepancy or error of which he now complains.  *See* Doc. 77.  Motions for

13  reconsideration "may not be used to raise arguments or present evidence for the first time when

14  they could reasonably have been raised earlier in the litigation."  *Marlyn Nutraceuticals, Inc.*, 571

15  F.3d at 880.  Moreover, a review of plaintiff's second amended complaint confirms that the prior

16  order's conclusion that plaintiff's pleading referenced a single "Taylor" defendant is a reasonable

17  interpretation of plaintiff's allegations.  *See* Doc. 52.

18    In sum, plaintiff's motion does not identify any basis for reconsideration of the court's

19  order that plaintiff's second amended complaint identified claims against only one Taylor

20  defendant.  Therefore, plaintiff's motion for reconsideration (Doc. 109) is denied.  *See Kona*

21  *Enters., Inc.*, 229 F. 3d at 890 (reconsideration of a prior order is an extraordinary remedy "to be

22  used sparingly in the interests of finality and conservation of judicial resources").

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1    **III.    CONCLUSION AND ORDER**

2          Accordingly, IT IS HEREBY ORDERED that plaintiff's motion filed December 6, 2023

3    (Doc. 109) is DENIED.

4

5    IT IS SO ORDERED.

6    Dated:    October 11, 2024

                                                    UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28