UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONTAE JOHAN DUNCAN,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA HEALTHCARE RECEIVERSHIP CORP., et al.,<br><br>Defendants. | Case No.: 1:20-cv-01288-KES-SKO<br><br>**ORDER GRANTING *IN PART* DEFENDANTS' REQUEST FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING**<br><br>(Doc. 130)<br><br>**ORDER STAYING BRIEFING ON DEFENDANTS' MOTION TO REVOKE IN FORMA PAUPERIS STATUS**<br><br>(Doc. 131)<br><br>**ORDER DIRECTING CLERK OF THE COURT TO SEND PLAINTIFF A NON-PRISONER APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**ORDER DIRECTING PLAINTIFF TO SUBMIT NON-PRISONER APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**<u>THIRTY (30) DAY DEADLINE</u>** |

Plaintiff Diontae Johan Duncan, a former state prisoner, is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983. This action proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Grewal, Marciel, Tristan Taylor, and Gallienne.

## I. BACKGROUND

On September 15, 2025, District Judge Kirk E. Sherriff issued his Order Adopting Findings and Recommendations to Dismiss Certain Defendant After Screening of Plaintiff's Third Amended Complaint. (Doc. 129.) Defendants were directed to file a responsive pleading within 30 days. (*Id*. at 2.)

On October 14, 2025, Defendants filed a motion seeking an extension of the responsive pleading deadline (Doc. 130), and a motion to revoke Plaintiff's *in forma pauperis* (IFP) status (Doc. 131). Plaintiff has not yet had the opportunity to file a response.

## II. DISCUSSION

### *Defendants' Request for an Extension of Time*

Defendants request the deadline to file a responsive pleading be extended until thirty days after the Court's resolution of the concurrently filed motion to revoke Plaintiff's IFP status. (Doc. 130.) Defendants contend that if the Court grants Defendants' motion and revokes Plaintiff's IFP status, Plaintiff must submit either an affidavit in support of a request to proceed IFP as a non-prisoner or pay the full filing fee to proceed. (*Id.* at 2.) They further contend that if Plaintiff fails to do so, the Court may dismiss the case, rendering a responsive pleading unnecessary. (*Id*.) The Court finds a response by Plaintiff to be unnecessary.

The Court will grant Defendants' request in part by vacating the deadline for filing a response to Plaintiff's third amended complaint. The deadline will be reset, if appropriate, following resolution of the pending motion to revoke IFP status.

### *Briefing on Defendants' Motion to Revoke IFP Status is Stayed*

In their motion, Defendants contend Plaintiff is currently proceeding IFP under 28 U.S.C. section 1915(b)(1)'s prisoner provision, and now that he is no longer incarcerated,[1] he must file an updated affidavit to proceed IFP as a non-prisoner under the general provisions of 28 U.S.C. section 1915(a)(1) or pay the filing fee. (Doc. 131.) Upon review of the filing, the Court will stay briefing on the motion to revoke Plaintiff's IFP status and for Plaintiff to file a non-prisoner

---

[1] Plaintiff paroled in July of 2024.

2

application to proceed IFP. Upon receipt and review of the application, the Court will reset the deadline for Plaintiff to file a response to Defendants' motion to revoke, if appropriate.

### III.    CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS**:

1. Defendants' request for an extension of the deadline for filing a responsive pleading (Doc. 130) is **GRANTED** in **PART**:
   a. The current deadline for filing a responsive pleading is **VACATED**; and
   b. Following resolution of Defendants' motion to revoke IFP status, Defendants' deadline for filing a responsive pleading will be reset, if appropriate.
2. Briefing on Defendants' motion to revoke Plaintiff's IFP status (Doc. 131) is **STAYED.**
3. The Clerk of the Court is **DIRECTED** to send to Plaintiff an application to proceed IFP for a **non-prisoner.**
4. **Within thirty (30) days** of the date of service of this order, Plaintiff **SHALL** submit the attached application to proceed IFP, completed and signed. No request for an extension of time will be granted absent a showing of good cause.

IT IS SO ORDERED.

Dated:   **October 15, 2025**             /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE

3