UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONTAE JOHAN DUNCAN,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA HEALTHCARE RECEIVERSHIP CORP., et al.,<br><br>Defendants. | Case No.: 1:20-cv-01288-KES-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO OBEY LOCAL RULES AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION DEADLINE** |

Plaintiff Diontae Johan Duncan, a former state prisoner, is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.     RELEVANT BACKGROUND**

Plaintiff was released from custody on July 11, 2024. (*See* Doc. 119.) Since that date, Plaintiff has submitted two notices of change of address (Docs. 119 & 126); the most recent change of address was filed January 22, 2025, and provides a residential street address in Richmond, California (Doc. 126).

On June 30, 2025, the undersigned issued Findings and Recommendations to Dismiss Certain Defendant After Screening of Plaintiff's Third Amended Complaint. (Doc. 128.) Objections were to be filed within 14 days. (*Id.* at 12-13.) The findings were served on Plaintiff that same date at his address of record.

On September 15, 2025, District Judge Kirk E. Sherriff issued his Order Adopting Findings and Recommendations to Dismiss Certain Defendant After Screening of Plaintiff's Third Amended Complaint. (Doc. 129.) The order was served on Plaintiff at his address on record with the Court.  On October 9, 2025, Judge Sherriff's order was returned by the United States Postal Service (USPS) marked "Undeliverable, RTS, Attempted-Not Known."[1]

On October 14, 2025, Defendants filed a motion seeking an extension of time to file a responsive pleading (Doc. 130) and a motion to revoke Plaintiff's *in forma pauperis* (IFP) status (Doc. 131).

On October 15, 2025, the undersigned issued orders vacating the deadline for the filing of a responsive pleading, staying briefing on Defendants' motion to revoke IFP status, directing the Clerk to send Plaintiff a non-prisoner application to proceed IFP, and directing Plaintiff to submit the completed non-prisoner IFP application within 30 days. (Doc. 132.) The orders were served on Plaintiff that same date to his address on record with the Court.

On November 14, 2025, the October 15 orders were returned by the USPS marked "Undeliverable, RTS, Not deliverable as addressed, Unable to Forward."

## II.   DISCUSSION

Plaintiff has failed to keep the Court apprised of his current address. Therefore, the undersigned will recommend this action be dismissed without prejudice.

### *Applicable Legal Standards*

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court

---

[1] The return of mail by the USPS requires a notice of change of address be filed with the Court according to its Local Rules.

order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address …. Absent such notice, service of documents at the prior address of the … pro se party shall be fully effective." Further, Local Rule 183(b) states that a "party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." (Emphasis omitted.)

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

*Analysis*

Here, Plaintiff has failed to file a notice of change of address or to otherwise advise the Court of his current address. According to the Court's docket, Plaintiff's address of record is:

> Diontae Johan Duncan
> 352 South 39th Street
> Richmond, CA 94804
> (510) 421-7020
> PRO SE

(*See* docket.)

All orders issued by the Court since January 22, 2025, have been served at that address. The Findings and Recommendations issued and served on June 30, 2025, were not returned to the Court by USPS, but on October 9 and November 14, 2025, mail directed to Plaintiff was returned to the Court marked "Undeliverable" by USPS with no forwarding address. Pursuant to this Court's Local Rules, Plaintiff was required to file a notice of change of address no later than Monday, November 10, 2025.[2] More than a week has passed and a notice of address has not been filed. Because Plaintiff has failed keep the Court apprised of his current address,[3] this action is subject to dismissal. Plaintiff has also failed to comply with the Court's order to submit a non-prisoner IFP application. Given the Court's inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to obey the Local Rules and failure to prosecute. Thus, the first and second factors — the expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to defendant, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, Defendants have appeared in the action. The Court vacated the deadline for filing Defendants' responsive pleading[4] to allow Plaintiff an opportunity to complete a non-prisoner IFP application given Defendants' pending motion to revoke Plaintiff's IFP status. These proceedings are essentially at a standstill because of Plaintiff's failure to keep the Court and the parties apprised of his current address and failure to comply with the Court's directive to submit a non-prisoner IFP application.

---

[2] Because 30 days from October 9, 2025, fell on a Saturday, the following Monday became the filing deadline. Since Plaintiff paroled more than one year ago, the mailbox rule does not apply. *See Emasealu v. Gomez*, No. 1:22-cv-01326-HBK (PC), 2023 WL 5614937, at *1, n.2 (E.D. Cal. Aug. 30, 2023) ("Because Plaintiff is no longer incarcerated, he is not entitled to the mailbox rule"); *Russo v. Arigalva*, No. 1:23-cv-00703-HBK (PC), 2023 WL 5934802, at *1, n.2 (E.D. Cal. Sept. 12, 2023) (same).

[3] The Court notes Plaintiff has filed numerous changes of address throughout the course of this litigation. (*See* Docs. 32, 67, 72, 114, 115, 119 & 126.)

[4] Judge Sherriff's order issued September 15, 2025, directed Defendants Grewal, Marciel, Taylor, and Gallienne to file a responsive pleading within 30 days. (*See* Doc. 129 at 2.)

4

1    Plaintiff has unreasonably delayed the prosecution of this action since at least October 9, 2025,
2    when mail directed to Plaintiff was returned to the Court as undeliverable. Thus, the third factor
3    also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440-41.

4          The fourth factor usually weighs against dismissal because public policy favors
5    disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However,
6    "this factor lends little support to a party whose responsibility it is to move a case toward
7    disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460
8    F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. It is his
9    responsibility to do so. Instead, Plaintiff has stopped communicating with the Court altogether
10   and has failed to comply with this Court's Local Rules and orders. Although more than 30 days
11   have passed since the USPS returned the Judge Sherriff's September 15, 2025, order marked
12   undeliverable, Plaintiff has failed to file a notice of change of address in compliance with Local
13   Rule 183(b). Nor has Plaintiff complied with the Court's October 15, 2025, order to complete and
14   file a non-prisoner IFP application within 30 days. Therefore, the fourth factor — the public
15   policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*,
16   856 F.2d at 1440.

17         Finally, the Court's warning to a party that failure to obey the court's orders will result in
18   dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262.
19   Here, in the First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued
20   September 14, 2020, Plaintiff was advised as follows: "In litigating this action, the parties must
21   comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local
22   Rules of the United States District Court, Eastern District of California ("Local Rules"), as
23   modified by this Order. Failure to so comply will be grounds for imposition of sanctions which
24   may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (*See* Doc. 5 at 1.) That
25   Order further advised: "A pro se plaintiff must keep the Court and opposing parties informed of
26   the party's correct current address. Local Rule 182(f). If a party moves to a different address
27   without filing and serving a notice of change of address, documents served at a party's old
28   address of record shall be deemed received even if not actually received. … If mail directed to a

pro se plaintiff at the address of record is returned by the United States Postal Service as undeliverable, the order will not be re-served a second time absence a notice of change of address. If a pro se plaintiff's address is not updated within sixty-three (63) days of mail being returned as undeliverable, the case will be dismissed for failure to prosecute." (*Id*. at 5.)[5] However, as of January 1, 2025, Local Rule 183(b) provides that a change of address must be filed within 30 days.[6] The undersigned finds Plaintiff had adequate warning that dismissal could result from his noncompliance with this Court's Local Rules or failure to update his address. Thus, the fifth factor — the availability of less drastic sanctions —weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with this Court's Local Rules, and in doing so, has failed to prosecute this action. Having weighed the equities and considered the relevant factors noted above, the undersigned concludes that dismissal of this action is warranted.

### III. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court **HEREBY RECOMMENDS** that this action be dismissed, without prejudice, based on Plaintiff's failure to obey the Local Rules and to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to

---

[5] A blank "Notice of Change of Address" form was also provided for Plaintiff's use. (*See* Doc. 5 at 7.)

[6] The Local Rules state: "These Local Rules are effective on December 1, 2009, and shall govern all actions then pending or commenced thereafter." *See* Local Rule 100(e). Further, the Local Rules provide: "Immediately upon the adoption of these Rules *or any change in these Rules*, copies of the new and revised Rules shall be provided to such publications and persons as the Chief Judge deems appropriate. The Clerk shall promptly notify … *other law libraries maintained by the State* [like state prison law libraries] … in the Eastern District of California. Copies shall be distributed in a manner calculated to ensure maximum notification to those practicing in the Eastern District of California. A notice shall be posted prominently in the Clerk's Offices and on the Court's website." *See* Local Rule 102(c), italics added.

1  the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference
2  the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise
3  reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation
4  may be disregarded by the District Judge when reviewing these Findings and Recommendations
5  under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time
6  may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th
7  Cir. 2014).

IT IS SO ORDERED.

Dated:   **November 21, 2025**                    /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE